## Lombardo *v.* Barilla, Appellant.

Argued January 8, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Henry A. Frye,* with him *Fletcher W. Stites,* for appellant.

*Hirsch & Salus,* for appellee, were not heard.

PER CURIAM, January 26, 1931:

Plaintiff, a guest in an automobile, sued to recover damages for personal injuries sustained when the car in which he was riding with defendant-owner and one Travia collided with a tree on the Boston Post Road near Providence, Rhode Island. The jury found for defendant, whereupon counsel for plaintiff moved for a new

trial, which motion was granted and defendant appealed.

The evidence showed that plaintiff, who had worked in his barber shop in the City of Philadelphia on Saturday, June 23, 1928, from 8 o'clock a. m. to 11 o'clock p. m., started at midnight with defendant and Travia on a night journey to Boston, that at about 8 o'clock the following morning, plaintiff, who had been driving the car, relinquished the wheel to Travia and was soon fast asleep in the back seat of the car, and was sleeping at the time of the accident. Rain had fallen during the night and was falling when the accident occurred, the road was wet, "it was foggy," and the car was being driven "pretty fast......about forty, maybe more," in an effort to reach Boston before noon in time for dinner. We have read the evidence, but will not express an opinion upon the negligence of defendant and the contributory negligence of plaintiff, as we deem such expression unnecessary at this time in view of what we heretofore have said in regard to the court below granting and refusing to grant new trials, in Reist v. Wogan, 281 Pa. 107, 108, as follows: "We have frequently held that the granting of a new trial is within the power of the trial court, and that we will not interfere with the exercise of that inherent authority, except in cases where the record shows an unmistakable abuse of discretion: Hess v. Gusdorff, 274 Pa. 123, 124; Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530. The latter case reviews fully the authorities bearing on this question." An examination of the record in this appeal fails to show such abuse.

The order granting a new trial is affirmed.