EDWARD WASKER, BY HIS NEXT FRIEND, EDGAR TAYLOR, RESPONDENT, v. G. R. WOOD, INCORPORATED, APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellant, *Asa M. Stackhouse.*

For the respondent, *James B. Avis.*

The opinion of the court was delivered by

LLOYD, J.    The appeal in this case seeks to set aside the action of the Circuit Court judge in refusing to grant a new trial to the appellant, G. R. Wood, Incorporated, in an action of Edward Wasker against that company.

This appeal is a most unusual one, and, assuming though not deciding that it will lie, to justify favorable action thereon it must at least be clearly demonstrated that there was an abuse of the discretion which is lodged in the judge.

We think this burden has not been met.   It is urged that the verdict was against the weight of the evidence, that it

was the result of sympathy, passion, prejudice and mistake, and that it was inconsistent with other verdicts rendered at the same trial.

Taking up the third objection first we find nothing in the state of the case upon which it can rest. The record discloses only an action by the respondent against the appellant; a complaint and answer therein; a *postea* that the jury had rendered a general verdict in favor of the plaintiff for $5,000; a rule for new trial and its denial. It is alleged that a number of cases were tried together and this would appear to have been the case from the charge delivered by the learned trial judge to the jury, but as to any findings of the jury in cases other than that of the present we are left in the dark, and the ground of inconsistency therefore falls.

As to the remaining reasons urged it is quite apparent that they are unsubstantial. The plaintiff, Edward Wasker, was a passenger in a truck driven by his brother, Victor Wasker. This truck came into collision with a bus of the defendant. There was contradictory evidence as to the negligence of the operators of the respective vehicles; that of the plaintiff tending to show that the bus of the defendant had collided with the truck while the latter was on its proper side of the highway; that of the appellant, the reverse. There was nothing to indicate that the verdict in favor of the plaintiff, a passenger in the truck and in nowise responsible for its operation, was so contrary to the weight of evidence as to compel the conclusion that such verdict was the result of improper motives in the jury.

The allowance and disposition of the rule for new trial in the case was vested in the Circuit Court judge by chapter 356 of the laws of 1931 (page 874), and this power is not challenged. Whether action on the rule can be made the subject of review in this court as an abuse of discretion is open to question, but it is not necessary here to decide. (See *Gee* v. *Moss,* 108 *N. J. L.* 160, and *Gaffney* v. *Illingsworth,* 90 *Id.* 490, and cases there cited.) It is enough to say, as was said by the Supreme Court of Pennsylvania in *Lombardo* v. *Barilla,* 302 *Pa.* 460; 153 *Atl. Rep.* 725, that the discre-

tion so vested will not be interfered with except in case of unmistakable abuse in its exercise, and such abuse has not been shown.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.