## Jenkins *v.* American Dredging Company, Appellant.

Argued November 28, 1961. Before BELL, C. J., JONES, COHEN, EAGEN and ALPERN, JJ.

*Perry S. Bechtle,* with him *Thomas E. Comber, Jr.*, *John J. Runzer,* and *Pepper, Hamilton & Scheetz,* for appellant.

*James L. Stern,* Deputy City Solicitor, with him *John M. McNally, Jr.,* Assistant City Solicitor, *Levy*

146

*Anderson,* First Deputy City Solicitor, and *David Berger,* City Solicitor, for City of Philadelphia, appellee.

OPINION BY MR. JUSTICE COHEN, January 2, 1962:

The lower court here properly sustained the preliminary objections by the defendant-appellee, City of Philadelphia (City), to the complaint of the defendant-appellant, American Dredging Company (Company), wherein the Company seeks to join the City as an additional defendant.[1]

The City contends that the Company is primarily liable for the plaintiffs' injuries and, therefore, cannot join the City as an additional defendant since it is, at most, secondarily liable.

Under Pa. R.C.P. 2252(a), the defendant may join a party as an additional defendant only if the party he seeks to join is alone liable to the plaintiff, is liable over to the defendant, or is jointly or severally liable with the defendant.

The lower court's determination, based on the relationship of the parties as herein established by the pleadings, that the City's liability is secondary to that of the Company is correct,[2] and the latter cannot join

---

[1] Plaintiffs' trespass action is based upon the following facts. The Company owned and maintained a 27″ pipe across a portion of the intersection of Packer Avenue and Swanson Street (an unopened, unimproved roadway) in Philadelphia. No barriers or warning markers were maintained by the Company. Despite the existence of warning signs erected by the City to advise motorists of the termination of the roadway, plaintiff, Dentino, drove his car beyond the end of the roadway and collided with the pipe. Both Dentino and the plaintiff Jenkins, a passenger, were injured.

[2] Although the primary duty of keeping its streets in travelable condition is on the City, *Lawrence v. Scranton City,* 284 Pa. 215, 222, 130 Atl. 428 (1925), it is long established that a municipality is not liable for the negligence of an independent contractor while engaged in the construction or repair of a street of which he has exclusive control or charge, where the accident is the result of the

the City as an additional defendant under Rule 2252.[3]

We wish to point out, however, the decision here governs only the right of joinder in the present case, and does not determine the propriety of a possible future action by the appellant for contribution. If new facts appear that indicate that the City is not secondarily liable but is in pari delicto, i.e., a joint tortfeasor, the appellant can adequately preserve its rights by an action for contribution against the City. The distinctions between the right of indemnity existing between parties having differing degrees of liability, and the right of contribution existing between joint tortfeasors were succinctly set forth by former Chief Justice HORACE STERN in *Builders Supply Company v. McCabe*, 366 Pa. 322, 77 A. 2d 368 (1951). We consider it unnecessary to elaborate upon that discussion.

Order affirmed.

---

negligence of the contractor and where as a result of his exclusive control of the street the contractor was authorized to prohibit the use of it by the public, *Norbeck v. Philadelphia*, 224 Pa. 30, 34, 73 Atl. 179 (1909).

[3] See discussion in 3 Goodrich-Amram, Standard Pennsylvania Practice, §2252(a)-5 (1953).