Brown *v.* Pittsburgh, Appellant.

Argued October 5, 1962.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Marcus Aaron, II,* Assistant City Solicitor, with him *David W. Craig,* City Solicitor, for City of Pittsburgh, appellant.

*Thomas M. Rutter, Jr.,* for appellees.

*James R. Orr,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 26, 1962:

The plaintiff, Helen L. Brown, on January 26, 1959, fell and was seriously injured while walking on the sidewalk in front of the East Liberty Presbyterian Church (Church) in the City of Pittsburgh. On October 12, 1960, Helen L. Brown and her husband, Charles F. Brown, received the sum of $2000 in cash from the Church, and executed and delivered in return a release, completely discharging the Church from all claims for damages arising out of the accident and resulting injuries.

On January 25, 1961, the plaintiffs, claiming that the fall described above was caused by a dangerous accumulation of ice and snow, existing on the sidewalk for an unreasonable length of time, instituted this action for damages against the City of Pittsburgh (City). The City filed a complaint to join, on the record, the Church as an additional defendant.

The Church filed an answer to the City's complaint asserting nonliability by reason of the immunity accorded eleemosynary institutions and also because of the release from liability given by the plaintiffs to the Church as hereinbefore described.

The Church subsequently filed a motion for judgment on the pleadings on the ground that it was im-

mune from tort liability. The City then filed a motion for judgment on the pleadings contending that the release given by the plaintiffs to the Church, also released the City from liability. It further asserted that the Church in making a monetary settlement with the plaintiffs, and in accepting the release in return, waived any right to assert its immunity. The lower court entered judgment for the Church and dismissed the City's motion. From this order and judgment, the City appealed.

Did the Church by the acts described waive its right to assert the defense of charitable immunity in this action?

A waiver in law is the act of *intentionally* relinquishing or abandoning some known right, claim or privilege. See, *Bell's Estate,* 139 Pa. Superior Ct. 11, 10 A. 2d 835 (1940); and, *Sudnick v. Home Friendly Insurance Co.,* 149 Pa. Superior Ct. 145, 27 A. 2d 468 (1942). To constitute a waiver of legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it: *Kahn v. Bancamerica-Blair Corporation,* 327 Pa. 209, 193 A. 905 (1937), and *Cole v. Phila. Co.,* 345 Pa. 315, 26 A. 2d 920 (1942). Waiver is essentially a matter of intention. It may be expressed or implied.[1] " '[I]n the absence of an express agreement, a waiver will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless by his conduct the opposite party has been misled, *to his prejudice,*[2] into the honest belief that such waiver was intended or consented to.' " *Atlantic Ref. Co. v. Wyoming Nat. Bank,* 356 Pa. 226, at 236-237, 51 A. 2d 719 (1947), reaffirming what was said in *Dougherty v. Thomas,* 313 Pa. 287, 169 A. 219 (1933). In short, the doc-

---

[1] No express waiver is claimed herein nor could there be.

[2] Emphasis supplied.

trine of implied waiver in Pennsylvania applies only to situations involving circumstances equivalent to an estoppel, and the person claiming the waiver to prevail must show *that he was misled and prejudiced thereby*: *Frazee v. Morris,* 155 Pa. Superior Ct. 320, 38 A. 2d 526 (1944), and *Barr v. Deiter,* 190 Pa. Superior Ct. 454, 154 A. 2d 290 (1959).[3]

In the instant case, there are no facts from which an implied waiver as to the City may be found. There must be an "inducement to prejudice" present. This is not such a case. The City was not misled to its prejudice. There was no change in the City's position as a result of any act of the Church. If the plaintiffs gained a judgment against the City, absent other facts, the City could not prevail in an action for indemnity against the Church: *Bond v. Pitts.,* 368 Pa. 404, 84 A. 2d 328 (1951). The conduct of the Church in no way changed this position.

Did the release given the Church also release the City? We conclude not.

At common law, a release of one joint tortfeasor discharged the other and barred any further action against him: *Hilbert v. Roth,* 395 Pa. 270, 149 A. 2d 648 (1959). "The rule was applicable 'even though it was intended, or the release expressly stipulated, that the other wrongdoers should not thereby be released.'" *Smith v. Fenner,* 399 Pa. 633, 638, 161 A. 2d 150 (1960).

---

[3] Waiver and estoppel are closely akin. Frequently the terms are incorrectly used interchangeably. While implied waiver is in the nature of an estoppel and sustained on similar principles, waiver and estoppel are not convertible terms. For instance, in estoppel, the intention to relinquish a right need not be present, whereas in waiver the choice between relinquishment and enforcement of a right is vital. Further, in waiver the intention of the party is controlling regardless of the attitude of the other party. Waiver basically involves the conduct of only one of the parties. Estoppel involves the acts of both. See, 56 Am. Jur., Waiver, §3 at 103, 105.

As pointed out by Mr. Justice JONES in the last mentioned case, the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 P.S. §§2082-2089, drastically changed the law on this subject and since that enactment a release by the injured party to one jointly liable does not release others also liable, unless the release expressly so provides.

In the present issue, the relationship of the City and the Church is one of primary and secondary liability and not one of joint or several liability: *Wright v. Scranton,* 128 Pa. Superior Ct. 185, 194 A. 10 (1937); *Philadelphia v. Merchant and Evans Co.,* 296 Pa. 126, 145 A. 706 (1929); *Beebe v. Philadelphia,* 312 Pa. 214, 167 A. 570 (1933); and, *Jenkins v. American Dredging Co.,* 406 Pa. 145, 177 A. 2d 451 (1962). Hence, the City argues that the uniform joint "Tortfeasors Act," supra, does not apply and that common law principles are controlling. It further asserts that under common law, if there were a community of fault among those liable, regardless upon what theory their respective liabilities were predicated, the release of one completely discharges the other, citing, *Thompson v. Fox,* 326 Pa. 209, 192 A. 107 (1937).

Assuming arguendo, that the City's position is correct, it does not govern here. A release of all claims for damages for personal injury given to a person who is *not legally liable* for the injury does not bar an action against the tortfeasor who is liable: *Wilbert v. Pitts. Consolidation Coal Co.,* 385 Pa. 149, 122 A. 2d 406 (1956), and *Union of Russian Societies of St. Michael and St. George v. Koss,* 348 Pa. 574, 36 A. 2d 433 (1944). The Church was not legally liable for the injuries complained of herein. Consequently, the release in no way affected the City's responsibility.

However, the City's responsibility is affected by the payment to the plaintiff of the $2000. It has long been the law that for the same injury, an injured party may

have but one satisfaction, and the receipt of such satisfaction, either as payment of a judgment recovered or consideration for a release executed by him, from a person liable for such injury necessarily works a release of all others liable for the same injury: *Thompson v. Fox,* supra, and *Hilbert v. Roth,* supra. The rationale for this rule is set forth in *Thompson v. Fox,* at page 213, as follows: ". . . the principle which underlies the rule is that the injured person is given a legal remedy only to obtain compensation for the damage done to him, and when that compensation has been received from any of the wrongdoers, his right to further remedy is at an end." Although the Church is not legally liable and, therefore, the foregoing rule would not be applicable thereto in the strict sense, the liability of the City is predicated upon, and must be preceded by, the negligent maintenance of the sidewalk by the Church: *Wright v. Scranton,* supra. If the Church is not a wrongdoer, the City will not be liable in this case. The plaintiffs have already received at least a partial satisfaction from one who must be a wrongdoer in order for plaintiff to recover from the City. Moreover, the City's right of indemnity in the ordinary case is pursued to recover money paid by the City which should have been paid by the abutting property owner: *Philadelphia v. Reading Co.,* 295 Pa. 183, 145 A. 65 (1929). Where the right of indemnity is barred by the defense of charitable immunity, and the charity has nevertheless made a payment to the injured party, justice demands that such a payment be looked upon as a partial satisfaction of the plaintiff's claim, because the primary obligation is that of the charity. The sum received may not be recovered again. Therefore, if any judgment is recovered against the City, which will establish the fact that the Church was negligent and a wrongdoer, albeit one protected by an immunity from liability for its negligence, credit must be

given for the sum already paid. The City's liability, if any, must be limited to the amount of the judgment that is in excess of the sum that has already been paid.

Order and judgment affirmed.

Mr. Justice COHEN dissents.