Johanna KRPAN, Administratrix of the Estate of Johanna Vidovich, Deceased

v.

OTIS ELEVATOR COMPANY, a corporation, Defendant,

v.

SISTERS OF ST. CASIMIR, Third-Party Defendant.

Civ. A. No. 31093.

United States District Court
E. D. Pennsylvania.
Jan. 22, 1964.

Lloyd A. Good, Jr., Roper & Caldwell, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Harry A. Short, Jr., Philadelphia, Pa., for defendant.

Leonard S. Wissow, Philadelphia, Pa., for third-party defendant.

GRIM, District Judge.

■ It is clear that under the law of Pennsylvania charitable institutions presently are immune from tort liability. This is true when there is a direct suit against a charitable institution, Michael v. Hahnemann Medical College & Hospital, 404 Pa. 424, 172 A.2d 769 (1961) and when an attempt is made to join a charitable institution as a third-party defendant. Brown v. Pittsburgh, 409 Pa. 357, 186 A.2d 399 (1962).

The present case involves injuries to a convalescent in a Pennsylvania home for the aged and infirm operated by third-party defendant, Sisters of St. Casimir. As the convalescent was leaving an elevator in the home the automatic doors of the elevator closed in such a way as to cause her to fall and sustain injuries from which she died.

Plaintiff, administratrix of the Estate of the deceased convalescent, sued defendant Otis Elevator Company which had designed, built and installed the elevator and which had a contract to maintain it. Defendant Otis joined the Sisters of St. Casimir as a third-party defendant. The Sisters have moved for summary judgment in their favor contending that they are immune from tort liability under the charity immunity doctrine which prevails in Pennsylvania.

Attached to the Sisters' motion for summary judgment is an affidavit to support their contention that they are a charitable institution. The Sisters of St. Casimir are "a Roman Catholic religious community of women which is subject to the authority of the Holy See and whose members have taken the perpetual vows of poverty, chastity and obedience." The corporation, "Villa Joseph Marie" was organized by the Sisters to operate the convalescent home involved in this case, and was chartered under Pennsylvania law as a nonprofit corporation. The Sisters are recognized as a tax exempt eleemosynary institution by the Internal Revenue Service of the United States Treasury Department. The real estate and personal property of the Sisters are exempt from taxation by the Commonwealth of Pennsylvania.

■■ As pointed out by Judge Van Dusen, in a case similar to this, " * * * the mere fact that defendant is a nonprofit corporation does not of itself make it a public charitable corporation entitled to the charitable immunity doctrine. Neither is the charter of a corporation standing alone regarded as sufficient to

show satisfactorily the character thereof." [1] Nor does it follow from the fact that an institution is exempt from taxation that it is exempt from tort liability as a public charitable corporation.

 It is very possible that the Sisters are a charitable institution, but it also is possible that the home in which the convalescent was injured, which is one of some sixty schools, nursing homes and hospitals operated by the Sisters, was run for profit. In that event the Sisters might not be exempt from tort liability.[2]

The facts as to what happens to the profits, if any, of the convalescent home are not very clear. In view of this, the motion of the Sisters of St. Casimir for summary judgment will be denied without prejudice so that additional discovery may be taken to clarify this point.

Andrew E. Taylor, Larson & Taylor, Washington, D. C., for plaintiff.

Clarence W. Moore, Solicitor, Washington, D. C., for defendant.

---

1. Wertheimer v. Frank, 206 F.Supp. 681, 683 (E.D.Pa.1962) citing Allison v. Mennonite Publications Board, 123 F.Supp. 23, 27–28 (W.D.Pa.1954) and Boyd v. Insurance Patrol of Philadelphia, 113 Pa. 269, 6 A. 536 (1886).

2. Brown v. Moore, 247 F.2d 711, 718, 69 A. L.R.2d 288 (3d Cir. 1957), cert. denied, 355 U.S. 882, 78 S.Ct. 148, 2 L.Ed.2d 112 (1957); Wertheimer v. Frank, 206 F. Supp. 681, 684 (E.D.Pa.1962); 7 P.L.E. Charities § 36, page 117.