Laura M. GEORGE

v.

**Donald BREHM and Florence Brehm t/d/b/a Don's Dairy Store Delicatessen and Clarion Borough.**

**CLARION BOROUGH**

v.

**Frank H. HAHNE, Jr., individually and t/a Hahne Building, and Ruth H. Sloan.**

Civ. A. No. 64–1260.

United States District Court
W. D. Pennsylvania.

Oct. 5, 1965.

H. Ray Pope, Jr., Clarion, Pa., for plaintiff.

Mercer & Buckley, Pittsburgh, Pa., for Clarion Borough.

Dale & Woodward, Franklin, Pa., for Donald and Florence Brehm.

Gustav M. Berg, Pittsburgh, Pa., for third-party defendants.

WALLACE S. GOURLEY, Chief Judge.

This is a diversity negligence proceeding in which plaintiff claims she was injured when she slipped on a sidewalk in front of the Hahne Building in Clarion, Pennsylvania, due to an accumulation of ice and snow; and that said injuries resulted due to (1) the negligence of defendant Clarion Borough in failing to maintain said sidewalk in a safe condition and (2) the negligence of defendants Donald and Florence Brehm, trading and doing business as Don's Dairy Store Delicatessen (hereinafter referred to as "the Brehms") who are lessees of a portion of the first floor of the Hahne Building, and permitted ice and snow to form and remain on the sidewalk.

Defendant Clarion Borough filed a cross-claim against the Brehms and also filed a third-party action against the owner of the Hahne Building, Frank H. Hahne, Jr., and Ruth H. Sloan, a tenant on the second floor of said building.

Hahne also filed a cross-claim against the Brehms.

The immediate matters before the Court are Motions for Summary Judgment in this action in favor of:

1. Donald Brehm and Florence Brehm, trading and doing business as Don's Dairy Store Delicatessen, defendants, and against Laura M. George, plaintiff.

2. Clarion Borough, defendant, and against Laura M. George, plaintiff.

3. Frank H. Hahne, Jr., individually and trading as Hahne Building, third-party defendant, and against Laura M. George, plaintiff.

4. Ruth H. Sloan, third-party defendant, and against Laura M. George, plaintiff.

5. Frank H. Hahne, Jr., third-party defendant, and against Clarion Borough, defendant.

6. Ruth H. Sloan, third-party defendant, and against Clarion Borough, defendant.

A Motion for Summary Judgment may be granted only if there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. PAC Construction Company v. New York Factors, Inc., 191 F.Supp. 643 (W.D.Pa.1961).

After a thorough review of the record, arguments and briefs of counsel, and a review of the applicable law, it is the considered judgment of the Court that the Motions for Summary Judgment should be adjudicated as follows:

1. With respect to the Brehms' Motion for Summary Judgment against plaintiff's claim, it is well settled under Pennsylvania law that a tenant who has leased only a part of a building's ground floor is not liable to a third person for injury resulting from an accumulation of snow or ice on the sidewalk. Weingreen v. Gomberg, 416 Pa. 567, 207 A.2d 781 (1965). Therefore, plaintiff could not recover from the Brehms under the law of Pennsylvania.

Plaintiff claims, however, that the lease between the Brehms and Hahne was a third-party beneficiary contract upon which she may recover. The pertinent provisions of said lease are as follows:

Fifth: The lessee shall and will at their own cost and expense, in all re-

spects fully keep, perform, abide by, and fulfill any and all statutes, laws, rules, regulations, notices, orders and requirements of every kind and description of this State, or the municipal government of the Borough of Clarion, Penna., or any of its Departments or any other public authority, relative to said premises and buildings thereon, or in any way restricting, controlling, regulating or affecting the use, employment or manner of enjoying the same, and will keep the sidewalks and curbs in front of and adjoining the said premises free from ice and snow.

Thirteenth: That the lessor shall not be responsible or liable for or by reason of any failure of water supply, to or upon the said demised premises during the said term hereby granted or any renewal thereof; and shall not be responsible or liable for any damage or damages occasioned by injury, loss, or damage to any person or persons, or to the said demised premises or to any property of the lessee caused by or resulting from the plumbing, water, steam, sewerage or other pipes, or by or from any machinery or apparatus or by or from any defect or leakage, bursting or breaking of the same or other pipes, or from any leakage, running or overflow of water or sewerage in any part of said demised premises, or from any injury or damage caused by or arising or resulting from lightning, water, snow, ice, or by or from other action of the elements or explosions of any nature, or from any injury or damage caused by or arising or resulting from the acts of negligence of co-tenants or other occupants of the same building, or any owners or occupants of adjacent or contiguous property, but that lessee will indemnify and save harmless the said lessor from and against any and all such injuries, loss or damage during the term (if) this lease or any renewal thereof. The lessee shall not neglect the care of water pipes and plumbing in cold weather.

▮▮▮ For plaintiff to be a third-party beneficiary entitled to recover under the lease, both parties to the lease must have intended and indicated the intention that the benefit of such provisions should accrue to one injured. Silverman v. Food Fair Stores, Inc., 407 Pa. 507, 180 A.2d 894 (1962). It appears to the Court that there is nothing in the terms of the lease which would lead to the conclusion that Hahne intended to benefit anyone but himself by these provisions. The Thirteenth provision is typical of those in which the landlord is to be indemnified for any liability for injuries he might incur due to accumulation of ice and snow.

In light of the foregoing, the Motion for Summary Judgment of the Brehms should be granted.

2. In considering the Motion of Clarion Borough for Summary Judgment against plaintiff, the question is presented as to whether a release given by an injured party to an abutting property owner who is primarily liable discharges and bars a further claim by the injured party against the municipality which is secondarily liable, even if the release specifically preserves a claim against any entity or person who may be found to be jointly or severally liable.

In the instant situation, plaintiff executed a release in favor of Hahne, but specifically reserved all claims against any entity or person found to be jointly or severally liable.

▮▮▮ The Court has conducted a most exhaustive search of the law of Pennsylvania, and it appears that the point has never been resolved. See Brown v. City of Pittsburgh, 409 Pa. 357, 186 A.2d 399 (1962). Therefore, this Court must decide the question as it believes the Supreme Court of Pennsylvania would if the same question were presented to it.

At common law, the release of one joint tortfeasor discharged the other, even if the release expressly stipulated that the other wrongdoers should not be released.

Smith v. Fenner, 399 Pa. 633, 161 A.2d 150 (1960). The Uniform Contribution Among Tortfeasors Act of July 19, 1951 * changed the law in Pennsylvania and provided that the release by the injured party to one jointly or severally liable does not release others jointly or severally liable, unless expressly provided by the release.

The relationship between the abutting property owner and the municipality is one of primary and secondary liability and not one of joint and several liability. Brown v. Pittsburgh, supra, 409 Pa. at p. 362, 186 A.2d 399. Therefore, it would appear that the Uniform Contribution Among Tortfeasors Act does not apply and that common law principles apply. At common law, the release of a tortfeasor discharged another tortfeasor who had committed a concurrent or successive tort. Thompson v. Fox, 326 Pa. 209, 192 A. 107, 112 A.L. R. 550 (1937).

In view of the foregoing, it appears that the release executed by plaintiff to Hahne discharges and bars any further claim plaintiff may have had against Clarion Borough, and that Clarion's Motion for Summary Judgment should be granted.

3 and 4. The Motions of Hahne and Ruth H. Sloan as third-party defendants against plaintiff should not be considered as Motions for Summary Judgment. Under the Federal Rules of Civil Procedure a plaintiff cannot recover against a third-party defendant unless plaintiff amends his Complaint and files a direct action against the third-party defendant. In the instant situation, plaintiff has filed no claims against these third-party defendants. Therefore, the Court cannot recognize these Motions, and the same are hereby denied.

5. The Motion of Hahne as third-party defendant against Clarion Borough, defendant, should be granted. Since the Court has held that plaintiff's claim against Clarion has been discharged and barred by the release executed by plaintiff to Hahne, no basis exists in fact or law for a third-party claim by Clarion Borough against Hahne based on indemnity or contribution.

6. As to the Motion for Summary Judgment filed by Ruth H. Sloan against Clarion Borough, it should also be granted. Under the law of Pennsylvania, the owner of a multiple tenancy building, and not the tenants, are liable to the city. Bruder v. Philadelphia, 302 Pa. 378, 153 A. 725 (1931). Under this rule of law, the city could not recover against Ruth H. Sloan under its third-party claim, even if plaintiff recovered against it.

An appropriate Order is entered.