**Weaver v. Jim Thorpe Borough**

■■■■■■■■■■■■■■■■

■■■■■■■■■■

*Roger N. Nanovic, II,* for plaintiffs.
*Thomas W. Durnin,* for defendant.

LAVELLE, *P.J.,* February 17, 1981—Before the court is plaintiffs' motion for summary judgment pursuant to Pa.R.C.P. 1035.

Plaintiffs are part-time police officers employed by defendant, the Borough of Jim Thorpe (Borough). Pursuant to a mandatory police training provision in the Act of June 18, 1974, P.L. 359, sec. 1 et seq., 53 P.S. §740 et seq.[1], plaintiffs attended and successfully completed a program at Lehigh County Community College between March 27, 1979 and January 29, 1980.

In their motion for summary judgment, plaintiffs contend that the act also requires the borough to pay them for their time in attending the police training classes. Plaintiffs also assert they are entitled to recover a travel allowance at a rate of seventeen cents a mile.

The borough in opposing the motion for summary judgment makes four arguments:

1. Plaintiffs being part-time, non-salaried police officers are not within the reimbursement and compensation provisions of the act.

---

1. Section 9 of the act, 53 P.S. §748, reads in part:

"All political subdivisions of the Commonwealth or groups of political subdivisions acting in concert shall be required to train all members of their police departments hired by them after the effective date of this act, pursuant to the provisions of this act."

2. Plaintiffs cannot receive compensation for attending the police training classes because they were outside the act's grace periods for non-trained officers at the time they attended those classes.

3. Plaintiffs, by their conduct, impliedly waived their right of reimbursement by the borough.

4. Plaintiffs are only to receive a travel allowance of twelve cents per mile up to July 20, 1979, and seventeen cents per mile subsequently.

## DISCUSSION

Summary judgment may be granted only under the following oft repeated and well-known circumstances, as stated in Husak v. Berkel, Inc., 234 Pa. Superior Ct. 452, 458, 341 A. 2d 174, 177 (1975):

"Summary judgment is made available by Pa.R.C.P. 1035 when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits considered together reveal no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. This severe disposition should only be granted in cases where the right is clear and free from doubt. To determine the absence of genuine issue of fact, the court must take the view of the evidence most favorable to the non-moving party, and any doubts must be resolved against the entry of the judgment."

The undisputed facts established from the pleadings, admissions and affidavits on record, and examined in a light most favorable to the borough are:

1. Plaintiffs are employed on a part-time basis by the Borough of Jim Thorpe to perform criminal and traffic law enforcement duties. (Borough's answer, paragraph 6).

2. In February of 1979, the borough enrolled plaintiffs in a police training program at Lehigh County Community College. (Borough's answer, paragraph 8).

3. The borough paid tuition on behalf of plaintiffs attending the training program. (Borough's answer, paragraph 12).

4. The borough, through its chief of police advised plaintiffs that they would be paid mileage in going to and from the program. (Reply to plaintiffs' request for admissions, paragraph 5).

5. Prior to the commencement of the training program, the borough advised plaintiffs that the borough could not lawfully pay them compensation for attending the course. (Borough's answer, paragraphs 13, 15).

6. Borough gave plaintiffs no indication or promise that they would be compensated. (Borough's answer, paragraphs 14, 15, 16).

7. Plaintiffs made demand of the borough for compensation while attending the training program. (Borough's answer, paragraph 16).

8. The regular salary paid to plaintiffs prior to January 1, 1980, was $4.05 per hour. On and subsequent to January 1, 1980, plaintiffs' salary had been $4.25 per hour. (Reply to plaintiffs' request for admission, paragraphs 1, 2).

## I. Applicability of Reimbursement Provision to Part-time Police Officers

"Police officer" is defined by section 2 of the act, 53 P.S. §741, as "any full time or *part-time employe* of a city, . . . borough, town, township or county police department assigned to criminal and/or traffic law enforcement duties. . . ." Section 10(a) of

the act, 53 P.S. §749, provides in part that "[t]he *regular salary of police officers* while attending approved school . . . shall be paid by the employing political subdivision." (Emphasis supplied.)

The borough in its answer admits that plaintiffs are part-time employes assigned to criminal and traffic law enforcement duties. There is no question, therefore, that plaintiffs are police officers as defined by the act. However, the borough argues that plaintiffs as *part-time* police officers receive wages and not a "regular salary" and, therefore, cannot be paid for attending the police training school under section 10(a) of the act. We find the borough's argument specious and without merit.

In section 2 of the act, the legislature clearly defines the term "police officer" to include part-time police officers. In providing in section 10 of the act that "the regular salary of police officers . . . shall be paid . . .", the legislature obviously intended that part-time officers as well as full time officers receive their regular salaries for attending a training program. Further, the legislature does not define the term "regular salary." In order to give effect to what we perceive as the legislature's intent that part-time officers be paid, we must broadly construe the term "regular salary" to include regular wages, compensation or other terms of like meaning. To construe the term "regular salary" in section 10 otherwise, we would have to find section 3 and section 10 inconsistent. We presume the legislature did not intend such an absurd and unreasonable reading of the statute: Statutory Construction Act of 1972, 1 Pa.C.S.A. §1922.

Therefore, we hold that part-time police officers, such as plaintiffs, are eligible to receive compensation for attending training courses under the act.

## II. Ineligibility Due to Expiration of Grace Period

Borough next argues that plaintiffs are ineligible to receive compensation for training course attendance because plaintiffs were employed by the borough as police officers for a period in excess of any applicable one or two year grace period of section 9 of the act, 53 P.S. § 748[2]. We disagree.

The plain import of section 9 is to prevent payment of compensation to police officers if the officers did not receive training in the required one or two year time period. Section 9 has nothing to do with compensating an officer for attending such training.

## III. Waiver

The borough argues that plaintiffs impliedly waived their statutory right of compensation because they attended the police training courses

---

2. Section 9 of the act reads in relevant part:

"Any person hired as a municipal police officer by any political subdivision or group thereof acting in concert after the effective date of this act *shall be at the end of one year from the date of his employment ineligible to receive any salary, compensation or other consideration or thing of value for the performance of his duties as a police officer* unless he has met all of the requirements as established by the Municipal Police Officers' Education and Training Commission and has been duly certified as having met those requirements by the commissioner, unless the police officer is granted additional time to complete his training by the commissioner. However, *such persons hired as a municipal police officer will be given a grace period of two years from the effective date of this act before he becomes ineligible to receive salary, compensation or other consideration of thing of value.*" (Emphasis supplied.)

when the borough told them that no compensation could lawfully be paid for such attendance[3].

In our view, the borough misapplies the law of waiver to the facts of the instant case. "A waiver is the intentional relinquishment of a known right." Linda Coal & Supply Co. v. Tasa Coal Co., 416 Pa. 97, 100, 204 A. 2d 451, 453 (1964). "To constitute a waiver of legal right, there must be a clear, unequivocal and decisive act of the party with knowledge of such right and an evident purpose to surrender it." Brown v. Pittsburgh, 409 Pa. 357, 360, 186 A. 2d 399, 401 (1962). "'[I]n the absence of an express agreement a waiver will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby, unless by his conduct the opposite party has been misled, to his prejudice, into the honest belief that such

------

3. Borough also states in its motion to dismiss plaintiffs' motion for summary judgment and in its supporting brief that borough officials told plaintiffs that the borough had no money to pay them compensation and that the borough officials promised plaintiffs extra work in return for plaintiffs going to school. Borough argues that plaintiffs' conduct constituted acceptance of the borough's offer of employment in consideration of waiver by plaintiffs of compensation rights. However, there is no averment of such statements by borough officials in the pleadings, affidavits or admissions on record. The facts asserted in the said unverified and unendorsed motion to dismiss and in borough's brief cannot be considered in disposing a motion for summary judgment. See Herskovitz v. Vespico, 238 Pa. Superior Ct. 529, 362 A. 2d 394 (1976). Moreover, for Pa.R.C.P. 1035 purposes, the pleadings were already closed at the time the said motion was filed. However, even if we permitted amendment of the borough's pleadings to include the alleged statements of the borough officials there would be no change in the outcome of this case as the borough's waiver argument would essentially remain the same.

waiver was intended or consented to.'" Atlantic Refining Co. v. Wyoming Nat. Bank of Wilkes-Barre, 356 Pa. 226, 236-237, 51 A. 2d 719, 725 (1947).

In considering the waiver issue in a motion for summary judgment, we note parenthetically that whether or not a waiver exists can be determined, *as a matter of law,* where only one reasonable conclusion can be drawn from the undisputed facts. See Linda, supra. "The question of whether there is an estoppel defense is for determination by the court when all the facts are established." Bollinger v. Palmerton Area Communities Endeavor, Inc., 241 Pa. Superior Ct. 341, 354, 361 A. 2d 676, 682 (1976).

In the instant case, there is not a scintilla of evidence that plaintiffs indicated in a clear and decisive way that they were giving up their right of compensation. On the contrary, the undisputed facts indicate that plaintiffs demanded compensation but were refused. The inference of waiver which the borough draws from plaintiffs' subsequent conduct is farfetched and unjustified. The continued attendance by plaintiffs of the police training course is only consistent with plaintiffs' intention to preserve their right of employment as police officers by the borough, which employment they would lose if they did not attend and complete the course.

The borough told plaintiffs that they could not be lawfully compensated for attending the police training course. How could plaintiffs waive a *known* right when the borough told them that no such right existed. Further, the borough cannot argue that it honestly believed in and relied to its prejudice on a waiver of rights by plaintiffs when such rights were considered to be non-existent by the borough.

For all these reasons borough's waiver argument must fall.

## IV. Travel Allowance

The borough agreed to reimburse plaintiffs' mileage for travel to and from the place of training. Effective July 20, 1979, the rate of reimbursement became 17¢ per mile for those agencies not adopting any lower rate: Act of July 20, 1979, P.L. 156, sec. 1, 65 P.S. §371. The Commissioner of the Pennsylvania State Police pursuant to section 6 of the act, 53 P.S. §745(9), adopted the rate of 17¢ per mile. See 37 Pa. Code §201.42(c)(3); 4 Pa. Code §40.8.

Therefore, the borough must pay seventeen cents per mile for mileage incurred by plaintiffs subsequent to July 20, 1979. For travel prior to this date, the borough shall pay any rate previously in effect.

Wherefore, we enter the following

## ORDER

And now, February 17, 1981, plaintiffs' motion for summary judgment is partially granted as to liability and it is hereby ordered and decreed that the above captioned matter be placed on the non-jury trial list for determination of damages not inconsistent with this opinion.