528 A.2d 693

Patrick Somerville and Diana M. Somerville, his wife, Petitioners *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent.

Argued May 21, 1987, before Judges MacPhail and Colins, and Senior Judge Narick, sitting as a panel of three.

*P. Andrew Diamond,* for petitioner.

*Victoria A. Reider,* Assistant Counsel, with her, *Linda J. Wells,* Chief of Litigation, *M. Hannah Leavitt,* Chief Counsel, for respondent, Insurance Department.

*G. Thomas Miller,* with him, *H. Lee Roussel* and *Diane M. Tokarsky, McNees, Wallace & Nurick,* for Erie Insurance Exchange.

OPINION BY JUDGE COLINS, July 15, 1987:

Patrick and Diana M. Somerville (petitioners) appeal an order of the Insurance Commissioner affirming an Insurance Department determination which upheld Erie Insurance Company's decision not to renew the petitioners' automobile insurance policy.

The petitioners had three automobile accidents within thirty-six months of their insurance policy's anniversary date: an intersection accident in October, 1983; a rear end collision in June, 1984; and an accident in August, 1985, apparently resulting from Mr. Somerville's efforts to avoid hitting another car. In March 1986, prior to the policy's May anniversary date, the insurer sent a notice of non-renewal stating that the basis for non-renewal was the frequency of accidents.

Pursuant to Section 3(b) of the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §1008.3(b) (Act), of

course, an insurer may not decline to renew an automobile insurance policy on the basis of a single accident within three years preceding a policy's anniversary. Conversely, an insurer may refuse to renew a policy under which two or more accidents occurred during such three year period. *Perry v. Liberty Mutual Insurance Co.,* 86 Pa. Commonwealth Ct. 400, 485 A.2d 516 (1984).

The petitioners concede that the 1984 accident may be considered against them in the insurer's decision not to renew. They contend, however, that they did not incur more than one accident which could properly be charged against them as the basis for non-renewal. They argue that, because the insurer had failed to dispose of the cause of that accident through settlement or litigation, they were denied the opportunity to show that the accident fell within exclusion provisions of Section 3(a)(13)(ii) of the Act, 40 P.S. §1008.3(a)(13)(ii). This section provides that an insurer may not count against an insured accidents in which the insured, owner or resident operator is reimbursed by or on behalf of a person responsible for an accident. They maintain that the insurer may not rely on the third accident and that it should be excluded because they were purportedly not at fault and because the insurer testified that subrogation was being pursued. It is also argued that the insurer should not be permitted to rely on that accident because it had not acted diligently in pursuing subrogation.

It is well established, however, that a showing of fault is not necessary under Section 3 of the Act. *Hallowell v. Insurance Department,* 105 Pa. Commonwealth Ct. 143, 523 A.2d 826 (1987); *Perry.* In addition, this Court has previously stated that an insurer's alleged lack of diligence in pursuing subrogation or reimbursement does not estop it from counting an accident

against an insured because the Act does not impose a duty on an insurer to file suit before it could consider an accident as a basis for non-renewal. *Komada v. Browne,* 97 Pa. Commonwealth Ct. 19, 508 A.2d 1284 (1986).

The petitioners further contend that the insurer may not rely upon the 1983 accident as a basis for its decision because the insurer obtained a fifty percent (50%) reduction in the amount of damages it had to pay them in settlement for the claim, which reduction was presumably premised upon belief the parties were comparatively negligent. It is argued that the accident consequently should be excluded from consideration pursuant to Section 3(a)(13)(ii) of the Act. This argument must fail, however, for it is uncontested that there was no reimbursement. Rather, the settlement merely reduced the insurer's payment obligation. In *Komada,* this Court held that settlement of an accident by paying an insured two-thirds of his claimed total did not bring the accident within the provisions of Section 3(a)(13)(ii).

The petitioners also contend that the insurer should be estopped from relying upon the 1983 accident because it thereafter renewed their policy without surcharge at the next anniversary date.

Nothing in the Act provides a basis for the petitioners' assertion, for the Act prohibits non-renewal on the basis of one accident within thirty-six months, and the nine exemptions enumerated in 40 P.S. §1008.3 delineate the only accidents which are not to be charged against an insured. Nothing requires an insurer to impose a surcharge for every accident, nor is an insurer required to classify each accident at the time it occurs. Moreover, the Act does not indicate that an insurer will be deemed to have elected to treat as excluded any accident not giving rise to a surcharge. No provision is made for waiver or estoppel in this context. As the

Commissioner noted, a waiver is the act of intentionally relinquishing a known right or privilege and will not be presumed or implied contrary to the party whose rights would be so affected unless that party has misled the other, to its prejudice, that such waiver was consented to or intended. *Brown v. City of Pittsburgh*, 409 Pa. 357, 186 A.2d 399 (1962). There is no evidence or claim that the petitioners were misled to their prejudice, and so this argument must also fail.

In any event, due to the petitioners' concession of culpability in the second (1984) accident, and the previous discussion as to the applicability of the third (1985) accident, a sufficient basis exists to support non-renewal, without any reference to the first accident.

We will, therefore, affirm the order of the Insurance Commissioner.

ORDER

AND NOW, this 15th day of July, 1987, the order of the Insurance Commissioner, in the above-captioned matter, is hereby affirmed.