Tyrone PHILLIPS and Barbara
Phillips, Petitioners

v.

INSURANCE COMMISSIONER OF the
COMMONWEALTH of Pennsylvania
and Erie Insurance Exchange, Re-
spondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 8, 2009.

Decided June 17, 2009.

Publication Ordered Sept. 11, 2009.

Robert Land, Philadelphia, for petition-
ers.

Laura A. Gargiulo, Department Counsel,
for respondent, Insurance Commissioner.

Thomas E. Brenner, Harrisburg, for re-
spondent, Erie Insurance Exchange.

BEFORE: McGINLEY, Judge, and
COHN JUBELIRER, Judge, and
FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Tyrone Phillips (Phillips) and Barbara
Phillips (collectively, the Phillips) petition
for review of the order of the Insurance
Commissioner of the Commonwealth of
Pennsylvania (Commissioner) which af-
firmed the determination of the Insurance
Department of Pennsylvania (Department)
that Erie Insurance Exchange's (Erie)
nonrenewal of automobile insurance policy
No. Q052508964 issued to the Phillips did

not violate the act popularly known as Act 68.[1]

The Phillips had an automobile insurance policy with Erie. On February 7, 2007, Phillips was involved in a motor vehicle accident in a McDonald's parking lot when his vehicle made contact with an Abington Township Police Department vehicle. Abington Township (Abington) paid the Phillips's $500 collision deductible. Erie paid $1,879.74 under collision coverage for damage to the Phillips's vehicle and $200 for a lease replacement vehicle. On November 26, 2007, Phillips was involved in an intersection collision. Erie paid $33,669.53 for the resulting damage.

On March 19, 2008, Erie issued a notice that it refused to renew the Phillips's automobile insurance policy. The Phillips requested that the Pennsylvania Insurance Department's Bureau of Consumer Services review this policy termination. The Bureau of Consumer Services issued an investigative report on April 28, 2008, which held that Erie's actions complied with Act 68. The Phillips appealed and requested an administrative hearing.

On June 18, 2008, the hearing officer heard the matter. Craig Burns (Burns), property claims adjuster for Erie, identified the print from the claim stream for the February 7, 2007, accident which indicated that Phillips backed out in a parking lot and collided with the police vehicle. Notes of Testimony, June 18, 2008, (N.T.) at 11; Reproduced Record (R.R.) at R11. Burns testified that Erie paid $2,079.74 as a result of the February 7, 2007, accident. Robert Land (Attorney Land), attorney for the Phillips, stipulated that Erie was not reimbursed. Attorney Land explained that Abington had immunity and didn't have to pay for the damage because the Phillips had collision coverage. N.T. at 13;

R.R. at R11. The parties stipulated that Phillips was involved in the November 26, 2007, accident which resulted in a payout by Erie of $33,669.53. N.T. at 14–16; R.R. at R12.

Phillips testified with respect to the February 7, 2007, accident, "Exited McDonald's, got back in my car, backed completely out of my parking space, the Abington Township police officer also backed—he backed right into the side of my car." N.T. at 26; R.R. at R15. Phillips stated his car was stopped when the collision occurred. N.T. at 26; R.R. at R15.

On October 1, 2008, the Commissioner issued the adjudication and order which affirmed the Department's decision:

> Act 68 prohibits an insurer from refusing to renew an automobile insurance policy under certain specified circumstances.... However, an insurer may nonrenew a policy for two accidents within the specified thirty-six month period....
>
> Certain types of accidents excluded by Act 68 may not be used by an insurer to nonrenew a policy.... Additionally, the insurer must make payments totaling in excess of $1,150.00 as a result of the accidents used for nonrenewal.... Therefore, an insurer may refuse to renew an automobile insurance policy when the insured is involved in two or more non-excluded accidents during the designated thirty-six month period provided that payments in excess of $1,150.00 in the aggregate were made as a result of the accidents....
>
> ....
>
> Erie is correct that an accident is excluded when the insured is reimbursed for 50% or more of the loss....

**1.** Act of May 17, 1921, P.L. 682, *as amended.* These sections were added by the Act of June 17, 1998, P.L. 464, 40 P.S. §§ 991.2001–991.2013.

. . . .

Thus, although Abington Township or its insurer may have reimbursed the insureds for their collision deductible, thus implying some acknowledgement of responsibility, the insureds were not reimbursed for the purpose of Act 68. The $500 paid on behalf of the township was less than 20% of the amount paid out on the claim. In addition, the insureds were not reimbursed for the rental car expenses they incurred in excess of the $200.00 paid by Erie. Further, it is pure speculation to conclude that the township actually would have paid the insureds for the claim if Erie had not. Finally, even if the insureds had a potential claim against the township, that potential claim does not constitute actual reimbursement as required by Act 68. The potential for subrogation or lack thereof is irrelevant to Act 68's requirement that there be actual reimbursement. . . . (Citations and footnote omitted).

Adjudication and Order, October 1, 2008, at 2–3 and 6–7; R.R. at R51–R52 and R55–R56.

■ The Phillips contend[2] that the Commissioner erred when he failed to apply the plain meaning of Section 2003(a)(13)(ii) of Act 68, 40 P.S. § 991.2003(a)(13)(ii), and when the Phillips did receive a majority reimbursement due them and Erie could not enforce its otherwise valid subrogation claim because Ab-

ington was a political subdivision protected against subrogation claims under the Judicial Code, 42 Pa.C.S. § 8553(d).[3]

Section 2003(b) of Act 68, 40 P.S. § 991.2003(b), provides, "An insurer may not cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the thirty-six month period prior to the upcoming anniversary date of the policy." Section 2003(a)(13)(ii) of Act 68, 40 P.S. § 991.2003(a)(13)(ii), provides "An insurer may not cancel or refuse to write or renew a policy of automobile insurance for any of the following reasons: . . . (13) Any accident which occurred under the following circumstances: . . . (ii) the applicant, owner or other resident operator is reimbursed by or on behalf of a person who is responsible for the accident or has judgment against such person."

■ The insurer bears the burden of proving that it complied with Act 68. The insurer must establish that two accidents occurred within a thirty-six month period. *McDonnell v. Commonwealth of Pennsylvania, Insurance Department*, 94 Pa. Cmwlth. 381, 503 A.2d 1042 (1986). In addition, the insurer must make payments in excess of $1,150.00 as a result of the accidents. *See* 75 Pa.C.S. § 1799.3. Once the insurer shoulders this burden, the burden shifts to the insured to establish that there are circumstances which warrant exclusion from the nonrenewal. *Kramer v.*

---

2. This Court's review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Donegal Mutual Insurance Company v. Insurance Department*, 719 A.2d 825 (Pa.Cmwlth.1998).

3. Section 8553(d) of the Judicial Code, 42 Pa.C.S. § 8553(d), provides:

    **Insurance benefits.**—If a claimant receives or is entitled to receive benefits under a

policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable under subsection (c), the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

Section 8553(c)(6) of the Judicial Code, 42 Pa.C.S. § 8553(c)(6), provides that damages shall be recoverable for property loss.

*Department of Insurance,* 654 A.2d 203 (Pa.Cmwlth.1995).

■ Here, Erie established that there were two accidents in a thirty-six month period which required it to pay out more than the threshold amount. The Phillips argue that they meet the exception contained in Section 2003(a)(13)(ii) of Act 68, 40 P.S. § 991.2003(a)(13)(ii), because Abington paid its $500.00 deductible. However, the Commissioner determined that Erie paid $2,079.74 for the claim related to this accident. The Phillips paid their $500.00 deductible.[4] The parties do not dispute that in order to qualify as an exclusion reimbursement must, at least, be for fifty percent of the loss.[5] Plainly, $500.00 is far less than fifty percent of $2,579.74. The Phillips did not come under the exclusion.

The Phillips argue that because they received the full amount of their deductible they came under the exclusion. However, there is nothing in Act 68 to provide legal support for their position. Further, the Phillips's construction of Act 68 could lead to an absurd result. If the Phillips were reimbursed for their deductible of $500.00 and Erie had to pay a claim well in excess, such as the $33,669.53 in the other accident in this case, Erie could not count this event as an accident which occurred in the thirty-six month period. In fact, as long as the insured received a payment to cover a majority of his out of pocket costs an insurance company could never count that accident for purposes of nonrenewal. Under the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922, it is presumed that the legislature does not intend an absurd result. This Court finds no error on the part of the Commissioner's conclusion.

The Phillips also assert that Erie suffered the further misfortune of having the Phillips's vehicle struck by a vehicle owned by Abington, a political subdivision with immunity against subrogation. The Commissioner concluded that "The potential for subrogation or lack thereof is irrelevant to Act 68's requirement that there be actual reimbursement." Decision, Conclusion of Law No. 11 at 10; R.R. at R59.

In *Somerville v. Insurance Department,* 107 Pa.Cmwlth. 402, 528 A.2d 693 (1987), Patrick and Diana M. Somerville (the Somervilles) had three accidents within thirty-six months of their insurance policy's anniversary date. One accident occurred in an intersection in October, 1983. A second accident involved a rear end collision in June 1984. A third accident occurred when Patrick Somerville took action to avoid hitting another car. Erie Insurance Company informed the Somervilles that it would not renew the policy in March 1986. The Insurance Department upheld the decision of nonrenewal. The Insurance Commissioner affirmed the Insurance Department's decision. *Somerville,* 528 A.2d at 694.

The Somervilles petitioned for review with this Court. One of the issues they raised was that the insurer could not rely on the third accident because the insurer testified that subrogation was being pursued. The Somervilles further argued that the insurer should not be permitted to count that accident because it had not acted diligently in pursuing subrogation. This Court dismissed this argument:

[T]his Court has previously stated that an insurer's lack of diligence in pursuing subrogation or reimbursement does not

---

4. The Phillips also paid some portion of the vehicle rental costs but that amount is not in the record.

5. The Commissioner in his brief cites numerous Insurance Commission cases where this fifty percent standard is used.

estop it from counting an accident against an insured because the Act does not impose a duty on an insurer to file suit before it could consider an accident as a basis for non-renewal.

*Somerville,* 528 A.2d at 695.

Here, the Phillips assert that one reason that the amount Erie paid should not be counted to determine whether there was reimbursement of fifty percent or greater is that Erie cannot recover a subrogation claim against Abington because damages are limited under Section 8553(d) of the Judicial Code, 42 Pa.C.S. § 8553(d). Under *Somerville,* though, subrogation is not a factor when determining whether an accident counts as an accident within thirty-six months for nonrenewal. While the Phillips may well be correct that Erie cannot recover any sum from Abington, that does not mean that the amount Erie paid in connection with this accident should not be included in the total amount for purposes of determining whether the accident qualified as an exclusion under Section 2003(a)(13)(ii) of Act 68, 40 P.S. § 991.2003(a)(13)(ii). The Commissioner did not err when he found the subrogation issue irrelevant.

Accordingly, this Court affirms.

## ORDER

AND NOW, this 17th day of June, 2009, the order of the Insurance Commissioner of the Commonwealth of Pennsylvania is affirmed.