Julius E. Fioravanti, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department and Government Employees Insurance Company, Respondents.

Argued November 16, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Julius E. Fioravanti,* for petitioner.

*David T. Kluz,* Assistant Attorney General, with him, *James R. Farley,* Assistant Attorney General, and *Edward Biester,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, December 31, 1981:

Julius E. Fioravanti (insured) appeals from an Insurance Department (Department) order upholding Government Employees Insurance Company's (GEICO) non-renewal of automobile insurance. We affirm.

GEICO notified the insured that his automobile insurance would not be renewed because of an unreported accident occurring May 5, 1977 and a reported loss occurring August 16, 1977. Fioravanti contends that the Department's decision denying his claim[1] was

---

[1] The record indicates that the hearing had been scheduled twice previously and that the insured had requested continuances. The second continuance was denied for lack of sufficient notice. The insured then failed to appear. Following the upholding of GEICO's non-renewal, Fioravanti appealed here (No. 2581 C.D. 1978), but it was discontinued when the Insurance Department offered the insured another opportunity to present his claim. At the rehearing, the Hearing Officer concluded that the insured had failed to produce evidence tending to prove that GEICO had refused to renew the insurance in violation of the law. We denied the insured's petition for supersedeas.

not supported by substantial evidence and that he was deprived of certain procedural due process rights.

Initially, we note that our review is limited to determining whether or not constitutional rights were violated, errors of law were committed or findings of fact were not supported by substantial evidence. *Crown Life Insurance Co. v. Department of Insurance,* 39 Pa. Commonwealth Ct. 94, 394 A.2d 1305 (1978).

Section 3 of Act 78[2] enumerates those reasons for which an insurance company shall not refuse to renew automobile insurance:

> No insurer shall cancel or refuse to write or renew a policy of automobile insurance solely because of the age, residence, race, color, creed, national origin, ancestry or lawful occupation
> . . . .

Since GEICO's action was not based on any of the factors statutorily proscribed, the Department's order will stand.

GEICO's non-renewal decision is based on two accidents within a three-month period involving the insured's automobile, a fact which the insured admits. Since the insured has failed to establish a statutory violation and since the Department's determination was based on substantial evidence, the order must stand.[3]

Affirmed.

---

[2] Since the policy non-renewal occurred on July 9, 1978, the Act of June 5, 1968, P.L. 140, 40 P.S. §1008.3 controls. Section 3 of Act 78 was amended in 1978 by Act of October 5, 1978, P.L. 1060, 40 P.S. §1008.3.

[3] Fioravanti's claimed deprivation of procedural due process is not properly developed and, in any event, is without merit. The insured was provided with sufficient notice and opportunity to be heard in accordance with regulations found at 31 Pa. Code §61-6.

### ORDER

The Insurance Department order, *Fioravanti v. GEICO,* dated January 30, 1979, is affirmed.