Travelers Indemnity Company of America, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent.

Travelers Indemnity Company of America, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent.

Argued September 15, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and PALLADINO.

*S. Walter Foulkrod, III, Foulkrod, Peters, Frank & Wasilefski,* for petitioner.

*Hannah Leavitt,* Assistant Attorney General, with her *James R. Farley,* Assistant Attorney General, and *Edward R. Biester, Jr.,* Attorney General, for respondent.

Opinion by President Judge Crumlish, December 31, 1981:

Travelers Indemnity Company of America appeals two Insurance Commission orders directing Travelers to renew two automobile insurance policies. We affirm.

Travelers refused to renew two policies based on Sections 3(a) and 3(b) of the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §1008.3, which provides in part:

(a)   No insurer shall cancel or refuse to write or renew a policy of automobile insurance for one or more of the following reasons:

(1)   Age.

. . . .

(13)   Any accident which occurred under the following circumstances:

(i)   auto lawfully parked (if the parked vehicle rolls from the parked position then any such accident is charged to the person who parked the auto);

(ii)   the applicant, owner or other resident operator is reimbursed by, or on behalf of, a person who is responsible for the accident or has judgment against such person;

(iii)   auto is struck in the rear by another vehicle and the applicant or other resident operator has not been convicted of a moving traffic violation in connection with this accident.

(14)   Any claim under the comprehensive portion of the policy unless such loss was intentionally caused by the insured.

(b)   No insurer shall cancel or refuse to renew a policy of automobile insurance on the basis of *one* accident within the thirty-six month period prior to the upcoming anniversary date of the policy.  (Emphasis added.)

Both policies were non-renewed because the insureds were involved in *more than one* incident listed in Section 3(a) and *one* accident described in Section 3(b).

Our scope of review of an Insurance Commission order is limited to a determination of whether constitutional rights have been violated, an error of law was committed or the findings of fact were not supported by substantial evidence, *Crown Life Insurance Co. v. Department of Insurance,* 39 Pa. Commonwealth Ct. 94, 394 A.2d 1305 (1978).

Travelers first contends that Section 3(a) merely prohibits non-renewal based on a *single* reason listed, but allows refusal to renew based on *more than one* circumstance enumerated. In effect, Travelers would have us substitute the word "one" for "any" in Section 3(a)(13) and (14). We find this interpretation patently absurd. It is clear that the wording and intent of this statute prohibits an insurer from cancelling, or refusing to write or renew a policy for *any,* whether it be one or more of the reasons listed in this section. These reasons and incidents constitute either immutable characteristics such as age[1] and race or are incidents which were not the fault of the insured, or for which the insurer was not required to make any payment.[2]

---

[1] One of the insured's daughters had been driving for approximately two years when she was involved in one of the accidents listed as a reason for non-renewal. The Insurance Commissioner held, and we agree that, "inexperience" was in this case a subterfuge for basing non-renewal on age, which is prohibited by Section 3(a)(1).

[2] We agree with the Insurance Commissioner's analysis of Section 3(a) contained on page seven of his January 3, 1980 opinion:

The literal construction of the statute above also comports with the reasonable intent of the legislature. In §3(a) of the Act, the legislature provided a list of reasons which it prohibited as bases for nonrenewal or termination. The fact that there were several incidents falling under §3(a) would

Alternatively, Travelers asserts that it may refuse to renew for a combination of Section 3(a) incidents and one Section 3(b) accident. Travelers contends that the word "accident" in Section 3(b) should be read to include Section 3(a) accidents and incidents. We disagree.

Section 3(b) is clear, an insurer may not cancel or refuse to renew for *one* accident within the statutory period. We are persuaded by the language contained on page nine of the Commissioner's opinion dated January 3, 1980:

> [I]f an accident is specifically listed as prohibited basis for termination under §3(a)(13) or any other section of the law, it should not be interpreted as a valid basis under another section, including §3(b). Thus the combination of one accident covered exclusively under §3(b) and any number of accidents covered under §3(a) does not provide a valid basis for nonrenewal under the Act.

In both cases at issue, there was only one Section 3(b) accident attributable to the insured. Travelers urges a construction of this statute which would penalize an insured for circumstances or incidents over which he has no control. We will not contravene the plain language and intent of the statute.[3]

Affirmed.

---

logically have no effect, unless the legislature clearly stated its intent to the contrary. To adopt Travelers' view would permit cancellations on such clearly unfair grounds as a combination of sex, age, and one accident, or religion, place of residence, and one accident. Likewise, the fact that there were two incidents under the same subsection (for example, two accidents under §3(a)(13)) does not supply grounds for termination of the policy when one incident would not do so.

[3] We find the Travelers' other contentions to be without merit and will not address them.

ORDER

The orders of the Insurance Commissioner, No. P79-7-2 dated December 21, 1979, and No. P79-7-4 dated January 3, 1980, are affirmed.