## In Re: Appeal of Michael J. Tabas Pursuant to Act No. 78 of 1968 Etc.

Submitted on briefs February 1, 1984, to Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Michael J. Tabas,* appellant, for himself.

*Hannah Leavitt,* Assistant Attorney General, with her *Anthony Geyelin,* Assistant Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY JUDGE PALLADINO, April 12, 1984:

Michael J. Tabas (Petitioner) appeals from an order of the Insurance Commission upholding the non-renewal of Petitioner's automobile insurance by Sentry Insurance A Mutual Company (Insurer). We affirm.

Under the Automobile Insurance Act (Act),[1] an insurer may not refuse to renew an automobile insurance policy on the basis of one accident within the three year period preceding the renewal date. This reflects a legislative intent to permit a refusal to renew on the basis of more than one accident.

We have before us the question of what constitutes an accident for purposes of non-renewal under Section

---

[1] Act of June 5, 1968, P.L. 140, No. 78, *as amended,* 40 P.S. §§1008.1-1008.11.

3(a)(13)(vi) of the Act. This section prohibits non-renewal on the basis of an accident "involving damage by contact with animals or fowl.'"[2] This is a case of first impression.

We note that our scope of review here is limited to a determination of whether constitutional rights were violated, errors of law were committed or findings of fact were not supported by substantial evidence. *Travelers Indemnity Company of America v. Commonwealth of Pennsylvania, Insurance Department,* 63 Pa. Commonwealth Ct. 542, 440 A.2d 645 (1981).

In this case, the Insurer based its decision not to renew on Petitioner's two accidents. Petitioner argues that one of his accidents is exempt from consideration by the Insurer under Section 3(a)(13)(vi), because it involved contact with an animal.[3] If the second accident is exempt, then the Insurer could not refuse to renew Petitioner's policy solely on the basis of Petitioner's one accident.

The accident in question occurred when Petitioner swerved to avoid hitting a dog and ran into a parked car. Petitioner also grazed the dog, which ran away. The total damage to both cars was $2,200.

The Commission argues that the damage must be caused by the contact with the animal in order for the accident to be exempt under Section 3(a)(13)(vi). Petitioner's position is that the section was intended to exempt accidents which occurred because of circumstances beyond the driver's control.

We must agree with the interpretation of the Commission. Under our reading of the section, the only accidents which are not eligible for consideration in

---

[2] 40 P.S. §1008.3(a)(13)(vi).

[3] Petitioner does not dispute his fault in the other accident.

non-renewals are those involving damage *by* contact with an animal or fowl.

Although Petitioner says he came in contact with the dog, there was no evidence that damage to either car resulted from that contact.

Because Petitioner was involved in two accidents during the three year period preceding the renewal, the Insurer may refuse to renew the policy.

Accordingly, we affirm the order of the Insurance Commission.

### ORDER

AND Now, April 12, 1984, the order of the Insurance Commission, at Docket No. PH80-5-5, is hereby affirmed.