Harry J. Perry, Petitioner v. Liberty Mutual Insurance Company and Commonwealth of Pennsylvania, Insurance Department, Anthony A. Geyelin, Acting Insurance Commissioner, Respondents.

Argued October 15, 1984, before Judges WILLIAMS, JR., and MacPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*John A. Eichman, III,* for petitioner.

*Daniel J. Gallagher,* with him, *Joseph R. Thompson,* for respondent, Liberty Mutual Insurance Company.

*Samuel R. Marshall,* Assistant Counsel, with him, *Beth Sheligo,* for respondent, Insurance Department of the Commonwealth of Pennsylvania.

OPINION BY JUDGE BARBIERI, December 12, 1984:

Harry J. Perry (Petitioner) appeals an order of the Acting Insurance Commissioner of Pennsylvania (Commissioner) upholding the non-renewal of Petitioner's automobile insurance by Liberty Mutual Insurance Company (Liberty Mutual). Liberty Mutual determined not to renew Petitioner's policy because Alice Perry, Petitioner's wife, was involved in two accidents during a 36-month period of time while operating automobiles owned by Petitioner.

Our scope of review of an order of the Insurance Commission is limited to a determination of whether constitutional rights have been violated, an error of law was committed or the findings of fact were not supported by substantial evidence. *Travelers Indemnity Company of America v. Commonwealth of Pennsylvania, Insurance Department,* 63 Pa. Commonwealth Ct. 542, 545, 440 A.2d 645, 646 (1981).

Petitioner initially contends that his wife was not at fault in the first accident. Under Section 3(b) of the Automobile Insurance Act (Act),[1] "[n]o insurer shall cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the thirty-six month period prior to the upcoming anniversary date of the policy." By implication, two accidents justify an insurer's cancellation or refusal to renew. *Tabas Appeal,* 81 Pa. Commonwealth Ct. 527, 473 A.2d 1143, 1144 (1984).

Section 3(a)(13) of the Act[2] provides that an insurer cannot cancel or refuse to write or renew a policy based on an accident which occurs under any of nine different enumerated circumstances.[3] If the first accident involved any of these enumerated circumstances, then Liberty Mutual could not refuse to renew Petitioner's policy solely on the basis of Peti-

---

[1] Act of June 5, 1968, P.L. 140, No. 78, *as amended,* 40 P.S. §1008.3(b).

[2] 40 P.S. §1008.3(a)(13).

[3] Section 3(a) of the Law, 40 P.S. §1008.3(a), provides: No insurer shall cancel or refuse to write or renew a policy for one or more of the following reasons:

. . . .

(13) Any accident which occurred under the following circumstances:

(i) auto lawfully parked (if the parked vehicle rolls from the parked position then any such accident is charged to the person who parked the auto);

tioner's second accident. *Tabas Appeal*, 81 Pa. Commonwealth Ct. at 427, 473 A.2d at 1144. Petitioner, however, contends only that his wife was not at fault in the first accident. Since the Act nowhere states that an insurer must renew a policy merely because the insured was not at fault, Liberty Mutual was justified in refusing to renew Petitioner's policy.[4]

Petitioner next contends that Liberty Mutual forfeited any right to refuse renewal of his policy when

---

(ii) the applicant, owner or other resident operator is reimbursed by, or on behalf of, a person who is responsible for the accident or has judgment against such person;

(iii) auto is struck in the rear by another vehicle and the applicant or other resident operator has not been convicted of a moving traffic violation in connection with this accident;

(iv) operator of the other auto involved in the accident was convicted of a moving traffic violation and the applicant or resident operator was not convicted of a moving traffic violation in connection with the accident;

(v) auto operated by the applicant or any resident operator is struck by a "hit-and-run" vehicle, if the accident is reported to the proper authority within twenty-four hours by the applicant or resident operator;

(vi) accident involving damage by contact with animals or fowl;

(vii) accident involving physical damage, limited to and caused by flying gravel, missiles, or falling objects;

(viii) accident occurring when using auto in response to any emergency if the operator of the auto at the time of the accident was a paid or volunteer member of any police or fire department, first aid squad, or any law enforcement agency. This exception does not include an accident occurring after the auto ceases to be used in response to such emergency; or

(ix) accidents which occurred more than thirty-six months prior to the later of the inception of the insurance policy or the upcoming anniversary date of the policy.

[4] Although not mandated by the Act, it is apparently Liberty Mutual's policy to refuse renewal only if it considers the two accidents to be "at fault."

the company billed him for another year of automobile insurance. Liberty Mutual, however, was required to bill Petitioner for another year of insurance under Section 9(e) of the Act,[5] which mandates that an insurer keep in effect an insured's policy until the Commissioner has completed his review of the insurer's decision to refuse renewal. Since Liberty Mutual was merely complying with Section 9(e) by billing Petitioner for another year of insurance, Liberty Mutual did not forfeit its right to refuse renewal.

Petitioner also contends that the notice of non-renewal mailed by Liberty Mutual was defective under Section 5(3) of the Law[6] because it failed to identify two at-fault accidents as the reason for non-renewal. Section 5(3) requires an insurer to state in its notice of cancellation or non-renewal ''the specific reason or reasons of the insurer for cancellation or refusal to renew.'' The notice sent by Liberty Mutual was valid under Section 5(3), since the notice cited Petitioner's wife's two accidents as the reason for non-renewal and, as noted previously, two accidents with or without fault, unless excluded under Section 3(a) of the Act,[7] constitute valid justification for cancellation or refusal to renew.

Finally, Petitioner contends that Liberty Mutual violated Section 3(a)(1) of the Act[8] by refusing to renew his policy because of age.[9] Our review of the record reveals only suggestion and suspicion[10] but no

---

[5] 40 P.S. §1008.9(e).

[6] 40 P.S. §1008.5(3)

[7] 40 P.S. §1008.3(a).

[8] 40 P.S. §1008.3(a)(1).

[9] Both Petitioner and his wife were over 80 years of age at the time of the refusal to renew.

[10] Footnote 12 in the Commissioner's adjudication records Petitioner's three facts advanced by him to establish age discrimination as follows:

actual evidence of age discrimination. We can find no error in the Commissioner's determination that Petitioner did not present sufficient competent evidence to prove his allegation that the insurer refused to renew his policy because of age discrimination.

Affirmed.

## ORDER

Now, December 12, 1984, the order of the Insurance Commissioner of Pennsylvania, at Docket No. PH82-4-2, is hereby affirmed.

---

These three facts are:
(1) Liberty Mutual knew Perry's age (N.T. 3-24-83 at 48) ;
(2) The testimony of Liberty Mutual's witness contains a discrepancy in dates (N.T. 3-24-83 at 57-60) ; and
(3) Liberty Mutual's computer was not programmed to retrieve age correlation beyond age 65 (D-37; P.B. at 19).