Michael and Ellen McDonnell, Petitioners v. Commonwealth of Pennsylvania, Insurance Department, Respondent.

Argued December 13, 1985, before Judges CRAIG and Colins, and Senior Judge KALISH, sitting as a panel of three.

*Michael T. McDonnell, Jr., McDonnell & McDonnell, P. A.,* for petitioners.

*Reginia Grayson Jamerson,* Assistant Counsel, with her, *Hannah Levitt* and *Paul Laskow,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, January 28, 1986:

Michael and Ellen McDonnell (petitioners) were given notice by Aetna Casualty and Surety Company (Aetna) that their automobile insurance policy would not be renewed because there had been two (2) accidents within thirty-six (36) months of the policy's anniversary date. Both accidents involved petitioners' sixteen year old son.

Petitioners filed a request for review with the Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner) pursuant to Section 1008.8.

of The Insurance Department Act of 1921 (Act), Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §1008.8 The matter was reviewed by the Insurance Department and on July 25, 1983, the Department upheld the deci-sion of non-renewal. Based on this determination, the petitioners requested a formal administrative hearing as provided for by Section 1008.9 of the Act, 40 P.S. §1008.9. A hearing was held and on August 1, 1984, the Commissioner ordered that the non-renewal deci-sion be upheld. This appeal followed.

The decision of the Commissioner was based on his conclusion that Aetna did not violate Section 1008.3 of the Act, 40 P.S. §1008.3, which provides that "[n]o insurer shall cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the thirty-six month period prior to the up-coming anniversary date of the policy." He addi-tionally concluded that petitioners did not meet their burden of proof in showing that the actual reason for non-renewal of the policy was an impermissible one under Section 1008.3(a) of the Act, 40 P.S. §1008.3(a), which provides that "[n]o insurer shall cancel or refuse to write or renew a policy of automobile insur-ance for one or more of the following reasons: (1) age . . . (9) sex." Concluding that the existence of a minor male driver in the petitioners' household was not the real reason for the non-renewal, the Commis-sioner affirmed the non-renewal.

Initially, we note that our review is limited to de-termining whether or not constitutional rights were violated, errors of law were committed or findings of fact were not supported by substantial evidence. *Appeal of Tabas,* 81 Pa. Commonwealth Ct. 527, 473 A.2d 1143 (1984); *Travelers Indemnity Co. of America v. Insurance Department,* 63 Pa. Commonwealth Ct. 542, 440 A.2d 645 (1981); *Fioravanti v. Insurance De-partment,* 63 Pa. Commonwealth Ct. 525, 439 A.2d

1272 (1981). It therefore follows that substantial evidence must support the Commissioner's finding of fact that there was more than one accident within the thirty-six month period prior to the upcoming anniversary date of the petitioners' insurance policy. Petitioners here allege that while there were indeed two accidents (more than one accident under the Act), these two accidents occurred on two different insurance policies. The first accident occurred on November 26, 1982, and involved the petitioners' sixteen year old son, who was driving the family automobile, insured on policy number 204845153854PCA. The second accident occurred on April 16, 1983, and also involved the petitioners' son; however, in this accident he was driving an automobile owned by the petitioners' professional association of McDonnell & McDonnell, insured under policy number 04FD357938CCA. Section 1008.3 of the Act discusses accidents occurring under "the policy," rather than "an individual's policies," thus clearly indicating the legislative intent that each policy is to be examined for the number of accidents occurring under that policy, rather than an examination of the number of accidents attributable to any individual. The respondent in this case submitted no evidence that the two accidents occurred upon the same policy. Therefore, no substantial evidence exists for the Commissioner's finding of fact that there were two accidents within the thirty-six month period prior to the upcoming anniversary date of the policy.

The Commissioner asserts before this Court that the burden of proof in this case was properly allocated to the petitioners, and that they failed to meet it; therefore, the Commissioner's decision should be upheld. In his decision the Commissioner stated:

Aetna did not have the burden of proof at this hearing and was not obligated to show that the accident in question was due to the fault of

Patrick McDonnell [petitioners' son]. On the contrary, since the McDonnells requested a hearing as a result of the Department's initial determination upholding the non-renewal of their automobile policy by Aetna, the McDonnells had the burden of proving that the Department's initial determination was incorrect.

To be sure, Aetna did not have to show "fault," as "fault" is irrelevant when a policy is not renewed on the basis of more than one accident. However, the Commissioner's analysis regarding burden of proof would essentially require either that the insured prove that they had more than one accident within thirty-six months of the anniversary date of the policy and that the non-renewal decision was based on one of the impermissible reasons delineated in Section 1008.3(a) of the Act, 40 P.S. §1008.3(a), or that they did *not* have more than one accident on a particular policy in order to prevail.

The insurer here has the burden of proving compliance with the Act concerning non-renewal, such being that they must prove that there was more than one accident within thirty-six months of the anniversary date of a particular policy. Because the insurer did not meet its burden of showing more than one accident on a policy by substantial evidence, we must reverse the order of the Commissioner.[1]

### ORDER

AND Now, January 28, 1986, the order of the Insurance Department, Docket No. PH83-8-3, dated August 1, 1984, is hereby reversed, and the matter is remanded to the Insurance Department for the reinstatement of the cancelled policies.

---

[1] Because we decide this case on the issue of whether there was more than one accident on the policy, we need not address the issue of alleged age and sex discrimination.