508 A.2d 1284

Johanna Komada, Petitioner *v.* Michael L. Browne, Insurance Commissioner of the Commonwealth of Pennsylvania, Insurance Department, Respondent.

Submitted on briefs April 8, 1986, to Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Ronald Segal,* for petitioner.

*Samuel R. Marshall,* Assistant Counsel, with him, *Hannah Leavitt,* Assistant Counsel, Chief of Litigation, for respondent.

OPINION BY JUDGE COLINS, May 5, 1986:

Johanna Komada (petitioner) appeals from an order of the Insurance Commissioner, dated July 15, 1983, holding that Keystone Insurance Company (intervenor) was not in violation of Section 3(b) of the Act of June 5,

1968 (Act), P.L. 140, *as amended,* 40 P.S. §1008.3(b). We affirm.

: Our scope of review of an order by the Insurance Commissioner is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or the findings of fact were not supported by substantial evidence. *Travelers Indemnity Co. of America v. Insurance Department,* 63 Pa. Commonwealth Ct. 542, 440 A.2d 645 (1981) (citing *Crown Life Insurance Co. v. Department of Insurance,* 39 Pa. Commonwealth Ct. 94, 394 A.2d 1305 (1978)).

The basis for Keystone's non-renewal of petitioner's insurance policy was petitioner's involvement, as driver, in two "at fault" accidents within a three-year period. Respondent argues that this gave intervenor, Keystone, the right not to renew coverage under Section 3(b) of the Act. This section states that no insurer shall cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the 36-month period prior to the upcoming anniversary date of the policy. Section 3(a)(13) of the Act,[1] however, sets forth a list of nine circumstances in which an accident might occur and, nonetheless, not be used as a basis of non-renewal under Section 3(b).[2]

---

[1] 40 P.S. §1008.3(a)(13).

[2] Specifically, this section provides:

No insurer shall cancel or refuse to write or renew a policy of automobile insurance for one or more of the following reasons:

(13) Any accident which occurred under the following circumstances:

(i) auto lawfully parked (if the parked vehicle rolls from the parked position then any such accident is charged to the person who parked the auto);

(ii) the applicant, owner or other resident operator is reimbursed by, or on behalf of, a person who is responsible for the accident or has judgment against such person;

Petitioner argues that she should fall within Section 3(a)(13) because the accidents were not her "fault," a term for which there is no definition in the Act. This argument misconstrues Section 3(a)(13) of the Act. Section 3(a)(13) sets forth a detailed list of specific types of accidents which cannot be used by an insurer to justify an automobile policy termination. While each of those accidents deals with a circumstance in which blame could not reasonably be placed upon an insured, this list does not establish a broad exception for all accidents that an insured might consider not his "fault." Thus, this argument fails.

The next argument advanced by the petitioner is that the accidents fit within the excepting circumstance

---

(iii) auto is struck in the rear by another vehicle and the applicant or other resident operator has not been convicted of a moving traffic violation in connection with this accident;

(iv) operator of the other auto involved in the accident was convicted of a moving traffic violation and the applicant or resident operator was not convicted of a moving traffic violation in connection with the accident;

(v) auto operated by the applicant or any resident operator is struck by a 'hit-and-run' vehicle, if the accident is reported to the proper authority within twenty-four hours by the applicant or resident operator;

(vi) accident involving damage by contact with animals or fowl;

(vii) accident involving physical damage, limited to and caused by flying gravel, missiles, or falling objects;

(viii) accident occurring when using auto in response to any emergency if the operator of the auto at the time of the accident was a paid or volunteer member of any police or fire department, first aid squad, or any law enforcement agency. This exception does not include an accident occurring after the auto ceases to be used in response to such emergency; or

(ix) accidents which occurred more than thirty-six months prior to the later of the inception of the insurance policy or the upcoming anniversary date of the policy.

of Section 3(a)(13)(ii) of the Act, which pertains to an accident in which the motorist has been reimbursed by or obtained a judgment against another party for damages. She argues that if there has been no reimbursement or judgment against any other party involved in the accidents, it is only due to Keystone's lack of diligence in pursuing reimbursement or a judgment and that, therefore, Keystone should be estopped from claiming that there was no such reimbursement or judgment. The Act, however, does not impose a duty upon the insurer to file a lawsuit for reimbursement before the insurer can consider the accident to be within the meaning of Section 3(b), providing grounds for non-renewal.

With respect to the first accident, petitioner contends that there was a partial reimbursement since Keystone settled the matter by paying only two-thirds of the total claims arising out of the accident. This, however, does not constitute reimbursement within the meaning of the Act so as to allow the underlying accident to fit within the excepting circumstance of Section 3(a)(13)(ii). To hold otherwise would unreasonably impede the prospects of settlement in all such accidents. In addition, there is no support in the Act for such an interpretation.

As an alternate basis for relief under Section 3(a)(13)(ii), petitioner points to her initiation of litigation against SEPTA, the owner of the bus involved in one of the accidents. The requirement of this section is a judgment against or a reimbursement by a party responsible for the accident; not the initiation of a lawsuit against a party to the accident. Furthermore, petitioner did not introduce evidence at the administrative hearing to show that her suit against SEPTA was, at least in part, for the purpose of reimbursing Keystone for its payment to her. Such reimbursement would be required for Key-

stone to have to consider this accident as being within a Section 3(a) exception.

Finally, petitioner argues that Keystone decided not to renew her policy because of her age, in violation of Section 3(a)(1) of the Act.[3] There is simply no evidence in the record to support this contention. Although petitioner was seventy-two years old at the time Keystone decided not to renew her policy, there is no evidence that this was a factor in their decision. The record indicates that Keystone's decision was based upon petitioner's accident history.

For the aforementioned reasons, we find that the Commissioner's findings of fact were supported by substantial evidence.

Accordingly, we affirm.

### ORDER

AND NOW, this 5th day of May, 1986, the order of the Insurance Commissioner, dated July 15, 1983, is hereby affirmed.

---

[3] 40 P.S. §1008.3(a)(1) provides: "No insurer shall cancel or refuse to write or renew a policy of automobile insurance for one or more of the following reasons: (1) age."