523 A.2d 826

Matthew W. Hallowell, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent.

Nationwide Mutual Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent.

State Farm Mutual Automobile Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, George F. Grode, Insurance Commissioner, Respondents.

144

Argued February 24, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Joseph J. Witiw, Guerrelli & Witiw,* for petitioner and intervenor, Matthew W. Hallowell and Jessica Hallowell.

*Diane M. Tokarsky,* with her, *Jeffrey B. Clay* and *H. Lee Roussel, McNees, Wallace & Nurick,* for petitioner, Nationwide Mutual Insurance Company.

*Robert E. Kelly, Jr., Duane, Morris & Heckscher,* Of Counsel: *James R. Tuite,* for petitioner, State Farm Mutual Automobile Insurance Company.

*Regina L. Matz,* Assistant Counsel, with her, *Linda J. Wells,* Chief of Litigation and *M. Hannah Leavitt,* Chief Counsel, for respondents.

OPINION BY JUDGE COLINS, April 2, 1987:

Matthew Hallowell and Nationwide Mutual Insurance Company (Nationwide) have each appealed an order of the Insurance Commissioner (Commissioner) which upheld Nationwide's non-renewal of Matthew's automobile insurance policy and which directed Nationwide to renew the automobile insurance policy of Matthew's wife, Jessica Hallowell. Consolidated with these appeals is that of State Farm Mutual Automobile Insurance Company (State Farm), which seeks review of the Commissioner's order directing it to reinstate the automobile insurance policy of Barbara and Richard Sauers.

Throughout 1983 and 1985, Jessica and Matthew Hallowell each owned or leased a separate car, and each

such vehicle was insured under a separate policy in the name of the owner or lessee. In September 1983, Jessica "rear ended" another vehicle, as a result of which Nationwide paid a claim exceeding $500 to the owner of the other vehicle. Matthew had a one car accident in February 1983, purportedly as a result of swerving to avoid an unidentified vehicle coming out of a side street, and he had another one car accident in December, 1984, when he allegedly swerved to avoid striking an oncoming bicyclist while driving across a wooden bridge. As a result of the first accident, Nationwide paid over $1300 for the damage to Matthew Hallowell's vehicle and $2700 to settle his uninsured motorist claim for the injuries he sustained. Nationwide paid over $16,000 for the damage Matthew's vehicle sustained when it struck the bridge in the second accident.

In August 1985, Nationwide sent notices to the Hallowells that their respective automobile insurance policies would not be renewed. Each notice cited the accidents of February 1983, September 1983 and December 1984 as the reason for non-renewal. After the Insurance Department upheld the non-renewals, the Hallowells appealed to the Commissioner, resulting in the order challenged here.

Matthew Hallowell contends that the accidents in which he was involved should be exempt from consideration as a basis for non-renewal pursuant to the provisions of Section 3(a) of the Automobile Insurance Act (Act), Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §1008.3(a).

Section 3(b) of the Act pertinently prohibits an insurer from refusing to renew an automobile insurance policy on the basis of one accident within three years preceding a policy's anniversary date, 40 P.S. §1008.3 (b). Consequently, an insurer may refuse to renew a policy under which two or more accidents occurred

within the relevant three year period. *Perry v. Liberty Mutual Insurance Co.,* 86 Pa. Commonwealth Ct. 400, 485 A.2d 516 (1984). Pursuant to Section 3(a) of the Act, however, accidents involving certain circumstances may not be used as a basis for non-renewal, including, *inter alia,* where the insured owner or resident operator is reimbursed by, or on behalf of, a person who is responsible for that accident, or has obtained judgment against such person, or where the insured vehicle has been struck by a "hit and run" vehicle. 40 P.S. §1008.3(a)(ii) and (a)(v).

Matthew Hallowell first argues that Nationwide's $2700 payment to him to settle his uninsured motorist claim constitutes payment on behalf of the responsible party, *i.e.,* the "phantom" motorist, and, therefore, that he should not have the February 1983 accident counted against him. He also argues that his February accident should be exempt from consideration against him on the basis that it is analogous to a "hit and run" accident.

We must disagree with these arguments, however. In the first instance, there is absolutely nothing in the record indicating that the uninsured motorist payment was made on behalf of the alleged unknown motorist as a person responsible for the accident. It would be unreasonable for this Court to adopt Matthew Hallowell's position that such payment was made on behalf of an unknown driver with whom the insurer lacked a legal, contractual or agency relationship. It is obvious, therefore, that Nationwide's payment hinged only upon its contractual obligation with the insured, Matthew Hallowell. With respect to the "hit and run" analogy, we note that the record clearly reflects that Matthew Hallowell's vehicle was damaged when it struck an embankment and was the only vehicle involved in that accident; there was no contact whatsoever with the other vehicle allegedly involved. Section 3(a) of the Act pro-

hibits an insurer from considering accidents in which the "auto operated by the applicant or any other resident operator *is struck by* a 'hit and run' vehicle if the accident is reported . . . within twenty four hours." 40 P.S. §1003.(a)(v). The accident concerned here fails to comply with the plain language of the statute because Hallowell's car was not struck by another vehicle. *See also Tabas Appeal*, 81 Pa. Commonwealth Ct. 527, 473 A.2d 1143 (1984) (accident damage to vehicle sustained after swerving to avoid hitting animal not within exemption for accidents involving damage by contact with animals).

Matthew Hallowell next asserts that he filed suit against the party allegedly responsible for the December 1984 accident, and he argues that, accordingly, this accident should not have been considered pursuant to the exemption provided in Section 3(a)(ii) of the Act, 40 P.S. §1008.3(a)(ii), because he may obtain judgment against that person.

Our review of the record indicates, however, that Matthew testified that he had not undertaken any suit, and so the record does not support this argument. In any event, the exemption created by Section 3(a)(ii) requires that a judgment was obtained; the mere commencement of a suit is insufficient. *Komada v. Browne*, 97 Pa. Commonwealth Ct. 19, 508 A.2d 1284 (1986).

Matthew also contends that he was not at fault in either of his accidents and argues that, pursuant to Section 3(a) of the Act, such accidents are exempt from an insurer's consideration in deciding not to renew a policy.

We disagree, however, inasmuch as no broad exemption exists for all accidents an insured may consider not his fault. *Komada*. Moreover, even accidents in which blame could not reasonably be placed upon an insured may nonetheless be considered in deciding not to renew a policy. *Perry*.

Lastly, Matthew contends that Nationwide subjected itself to a more demanding standard of fault in considering his policy for renewal. He argues that Nationwide's reference to at fault accidents in the renewal notices indicated its intent to adopt an at fault standard beyond the provisions of the Act.

We do not accept the proffered interpretation of Nationwide's notice, however, for its characterization of the accidents in question is consistent with the legislative delineation of circumstances under which accidents may not be held against an insured. Moreover, no authority indicates that terms used in a notice of non-renewal modify the statutory requirements incorporated in the underlying policy of insurance.

### No. 1943 C.D. 1986

Nationwide also appeals the Commissioner's order, contending that Matthew Hallowell's accidents should have also been attributed to Jessica's policy for purposes of non-renewal. It argues that, as her spouse residing in the same household, Matthew was a "resident operator" as provided by Section 3(a)(ii) of the Act, and that Nationwide could, therefore, have paid Matthew's personal injury claim arising out of the February 1983 accident under Jessica's policy.

Notwithstanding what Nationwide might or could have done with respect to payment of claims, it is undisputed that only one accident occurred under Jessica's automobile insurance policy, and that she was not involved in any of the other accidents. Pertinent to this matter is our decision in *McDonnell v. Insurance Department*, 94 Pa. Commonwealth Ct. 381, 503 A.2d 1042 (1986), where we held that an insurer bears the burden of proving that accidents occurring within thirty-six months of a policy's anniversary date occurred *under the same policy.* In *McDonnell*, the insured's son

was involved in two accidents, one involving the insureds' private automobile policy, the other involving a car owned and insured in the name of the insureds' professional association. We stated there that "the Act discusses accidents occurring under 'the policy,' rather than 'an individual's policies,' thus clearly indicating the legislative intent that *each policy* is to be examined for the number of accidents occurring under *that policy*, rather than an examination of the number of accidents attributable to any individual." *Id.* at 384, 503 A.2d at 1043 (Emphasis added.) It is clear, therefore, that *McDonnell* controls the outcome here. Although *McDonnell* involved a commercial automobile insurance policy as well as a "private" policy, the difference is one without a distinction. It would contravene the terms and purpose of the Act to permit an insurer to rely upon accidents which did not occur under a policy as a basis for refusing to renew such a policy.

### No. 2885 C.D. 1986

State Farm Mutual Automobile Insurance Company (State Farm) has similarly appealed a Commissioner's order directing it to reinstate an automobile insurance policy of Barbara and Richard Sauers. The couple owns five cars, each of which is insured under a separate automobile insurance policy in either one or both of their names. One such policy, covering a 1977 Chevette, names their son Dennis as an occasional driver, and he had an accident involving the Chevette in March 1984. In November 1985, Dennis had two more accidents involving his parents' cars. Neither involved the Chevette, and a different car and insurance policy were involved in each such accident. In January 1986, State Farm issued a notice of non-renewal to the Sauers, indicating that insurance for the Chevette would not be renewed as a consequence of the three accidents involving

Dennis Sauers. Following the Sauers' appeal to the Insurance Department, the Commissioner ultimately determined that non-renewal would violate Section 3(b) of the Act, and he entered the order challenged here.

State Farm contends that the Commissioner's decision is contrary to the express language of the Act. Noting that Section 1(1) of the Act defines a policy as one insuring related individuals residing in a household, 40 P.S. §1008.1(1), State Farm asserts that the insured entity is the entire family unit. It argues that, accordingly, it is erroneous to consider only the number of times an insurance policy was involved in an accident and vigorously asserts that Section 3(b) of the Act should not be read to mean that an insurer may only consider accidents occurring under a particular policy in deciding whether or not to renew such policy. It seeks to buttress its argument by indicating that its standard underwriting practice is to issue separate policies for each vehicle owned by households' members.

We disagree, however, on the basis that *McDonnell,* likewise controlling here, is dispositive of the issues raised by State Farm, and compels the result ordered by the Commissioner.

Inasmuch as our review reveals no violation of any constitutional rights, no errors of law and substantial evidence in support of the necessary Findings of Fact, we will, accordingly, affirm the orders of the Commissioner.

## ORDER

AND NOW, April 2, 1987, the orders of the Insurance Department in the above-captioned matters are affirmed.

Judge PALLADINO concurs in the result only.