612 A.2d 568

**DONEGAL MUTUAL INSURANCE COMPANY, Petitioner,**

**v.**

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, Insurance Department, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 7, 1992.

Decided June 23, 1992.

Petition for Allowance of Appeal Denied Dec. 23, 1992.

590

Matthew J. Creme, Jr., for petitioner.
Arthur F. McNulty, for respondent.

Before SMITH and KELLEY, JJ., and LEDERER, Senior Judge.

LEDERER, Senior Judge.

Donegal Mutual Insurance Company (Donegal) petitions this Court to review an order of the Insurance Commissioner of the Commonwealth of Pennsylvania Insurance Department (Commissioner), which held that Donegal's refusal to renew George and Aliki Limberiou's automobile insurance policy violated the Automobile Insurance Act (Act).[1] We affirm.

Donegal sent notice of non-renewal of policy to the Limberious by letter dated September 10, 1990, explaining that it was basing the non-renewal on two accidents which the insured Aliki Limberiou had been involved in within a thirty-six month period. The first accident occurred on August 15, 1988, for which Donegal paid a collision claim in the amount of $7,876.50 and a property damage claim of $569.70. The second accident occurred on February 18, 1990. This second accident is not at issue, however, as the parties have stipulated that the accident is not an excludable accident under the Act.

After the Insurance Department affirmed Donegal's non-renewal of policy, the Limberious requested and received a review of this decision, which was conducted at a hearing before the Commissioner on April 8, 1991. The Commissioner determined that because Mrs. Limberiou received a payment of $14,000 from the insurer of the other driver for settlement of her claims, the August 15, 1988 accident could not be used as a basis to refuse to renew the insured's policy because it was excludable under Section 3 of the Act.[2] This petition for review followed.[3]

1. Act of June 5, 1968, P.L. 140, *as amended*, 40 P.S. §§ 1008.1–1008.11.

2. 40 P.S. § 1008.3.

3. Our scope of review of an order by the Insurance Commissioner is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or the findings of fact were not supported by substantial evidence. *McDonnell v. Insurance Department*, 94 Pa.Commonwealth Ct. 381, 503 A.2d 1042 (1986). In this case, however, as appellant has alleged only that the Commissioner committed an error of law, we will confine our review accordingly.

Donegal contends that the Commissioner's conclusion is contrary to this court's decision in *Komada v. Browne,* 97 Pa.Commonwealth Ct. 19, 508 A.2d 1284 (1986). Specifically, petitioner argues that the settlement of $14,000 that Aliki Limberiou received for injuries sustained in the August 15, 1988 accident does not constitute reimbursement under Section 3(a)(13)(ii) of the Act because Donegal was not reimbursed "at least in part" by the payment. *Id.,* 97 Pa.Commonwealth Ct. at 23, 508 A.2d at 1287.

The grounds upon which an insurer may refuse to renew an automobile insurance policy of an individual are carefully and clearly delineated by the Act. In general, an insurer may refuse to renew a policy of an insured if the insured has been involved in two accidents within a thirty-six month period. 40 P.S. § 1008.3(b). However, an insurer may not use in his computations any accident that is considered excludable under Section 3(a) of the Act, which provides in pertinent part:

(a) No insurer shall cancel or refuse to write or renew a policy of automobile insurance for one or more of the following reasons:

. . . .

(13) Any accident which occurred under the following circumstances:

. . . .

(ii) the applicant, owner or other resident operator is reimbursed by, or on behalf of, a person who is responsible for the accident or has judgment against such person. . . .

40 P.S. § 1008.3(a)(13)(ii).

This case is distinguishable from *Komada* in that the insured therein had not received any reimbursement from the other driver's insurance company for settlement of her claims (as Aliki Limberiou had), but had attempted to argue that because her insurer had settled the claim and paid out only two-thirds of the total claim, there was "reimbursement" under Section 3. This court rejected that argument as well as several other attempts by the insured to fit his particular accident within Section 3(a).

In this case, however, the Commissioner found that Aliki Limberiou received a settlement of $14,000.00 from the insurance company of the other driver involved in the August 15, 1988 accident. The unambiguous language of Section (3)(a)(13)(ii) requires nothing more, such as payment or reimbursement to the insurer, as Donegal contends. Nor does *Komada* compel a different conclusion. Therefore, the Commissioner did not err by ruling that the August 15, 1988 accident was excludable under the Act.

Accordingly, the order of the Commissioner dated October 8, 1991 is affirmed.

## ORDER

AND NOW, this 23rd day of June, 1992, the order of the Insurance Commissioner of the Commonwealth of Pennsylvania Insurance Department dated October 8, 1991 is hereby affirmed.