**John T. IWANEJKO, Petitioner,**

v.

**The INSURANCE COMMISSIONER OF the COMMONWEALTH OF PENNSYLVANIA, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1995.

Decided July 11, 1995.

Publication Ordered Aug. 30, 1995.

Norman J. Barilla, for petitioner.

Jeffrey P. Soderstedt, Department Counsel, for respondent.

Before COLINS, President Judge, KELLEY, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

John T. Iwanejko petitions this court to review an order of the Insurance Commissioner of the Commonwealth of Pennsylvania, which affirmed Erie Insurance Company's cancellation of Iwanejko's automobile insurance policy. We affirm.

Erie Insurance Company sent a notice of cancellation of policy to Iwanejko by letter dated May 26, 1993, explaining that it was basing the cancellation on two license suspensions occurring during the policy period. The Insurance Department affirmed the cancellation and Iwanejko sought and received a hearing before the Commissioner. The Commissioner determined that by operation of Section 4(2) of what is popularly called the Automobile Policy Insurance Act (Act 78), Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. § 1008.4(2), Erie's actions were permissible. The Commissioner then affirmed the cancellation of petitioner's policy. Petitioner appealed to this Court.

■ In reviewing an order from the Insurance Commissioner, our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or the findings of fact were not supported by substantial evidence. *McDonnell v. Insurance Department,* 94 Pa.Commonwealth Ct. 381, 503 A.2d 1042 (1986). Here, petitioner contends the Insurance Commissioner committed an error of law in finding that Section 4(2) of Act 78 was not superseded by Section 1799.3(a) and (g) of the Motor Vehicle Financial Responsibility Code (Law), 75 Pa.C.S. § 1799.3(a) and (g).

■ Act 78 regulates the writing, cancellation of, or refusal to renew policies of automobile insurance. Act 78 provides in relevant part:

No insurer shall cancel a policy except for one or more of the following specified reasons:

. . . . .

(2) The driver's license or motor vehicle registration of the name insured has been under suspension or revocation during the policy period;

40 P.S. § 1008.4(2).

Petitioner does not dispute that his license was under suspension during the policy period. Nor does petitioner dispute that under Act 78 Erie was permitted to cancel his policy. Instead, petitioner avers that Section 1799.3 of the Law prohibits the cancellation of his policy.

Section 1799.3 of the Law provides:

(a) **Damage claims.**—No insurer shall cancel or refuse to renew a policy or apply any surcharge, rate penalty or driver record assignment where, during the preceding three-year period, the aggregate cost to the insurer for any person injured or property damage is determined to be less than $650 in excess of any self-insured retention or deductible applicable to the named insured.

(g) **Conflict with other law.**—The limitations imposed on cancellations, refusals to renew, surcharges, rate penalties and point assignments by this section shall be in addition to any other limitations imposed by other laws. Where any conflict exists between this section and the provisions of any other law, this section shall be applied so as to supersede such other laws to the extent of the conflict.

75 Pa.C.S. § 1799.3.

Petitioner argues that by operation of Section 1799.3(g), the legislature intended the Law to exclusively govern the conditions under which a policy of automobile insurance may be cancelled. Therefore, argues petitioner, Act 78 does not control and because he had no damage claims, the insurance company impermissibly cancelled his policy. Petitioner's contention is without merit.

Petitioner disregards Section 1799.3(g) of the Law, which states "the limitations im-

posed on cancellations, refusals to renew, . . . shall be in addition to any other limitations imposed by other laws. Where any conflict exists between this section and the provisions of any other law, this section shall be applied so as to supersede such other laws to the extent of the conflict." In order to reach petitioner's conclusion, it is mandatory that the Law be in conflict with Act 78. We find no conflict between the two statutes.

Section 1922 of the Statutory Construction Act [1] states that when determining the intent of the General Assembly in the enactment of a statute one must presume that the General Assembly did not intend a result that is absurd, impossible of execution, or unreasonable. Here, if you read Act 78 and the Law in tandem, it is apparent that both statutes reference the cancellation of automobile insurance policies, with the Law focusing on cancellation as a result of damage claims and Act 78 concentrating on cancellation resulting from the suspension or revocation of operating privileges. Because the two statutes govern different situations they are not in conflict; thus, the Law does not exclusively govern the cancellation of insurance policies. Instead, the Law governs cancellations resulting from damage claims, and Act 78 governs cancellation resulting from suspension or revocation of operating privileges.

Accordingly, the Commissioner did not commit an error of law. Hence, we affirm the order of the Insurance Commissioner.

## ORDER

AND NOW, this 11th day of July, 1995, the order of the Insurance Commissioner in the above-captioned matter is affirmed.

---

1. 1 Pa.C.S. § 1922(1).