Janice MUSTO and Joseph
Musto, Petitioners,

v.

**PENNSYLVANIA INSURANCE
DEPARTMENT,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1996.

Decided Oct. 25, 1996.

Joseph R. Musto, for Petitioners.

Jeffrey P. Soderstedt, Department Counsel, for Respondent.

M. Hannah Leavitt, for Intervenor, Standard Fire Insurance Company.

Before COLINS, President Judge,
SMITH, J., and KELTON, Senior Judge.

COLINS, President Judge.

Janice and Joseph Musto (Musto or insured) petition for review of the February 8, 1996 order of the Insurance Commissioner affirming an Insurance Department determination that nonrenewal of Musto's automobile insurance policy did not violate the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.1–1008.11 (Act 78).

By notice dated April 15, 1994, Aetna informed Musto that his automobile insurance

policy would not be renewed as of its anniversary date of June 20, 1994. In the notice Aetna indicated that its records showed a February 1992 speeding violation, a September 1992 total collision claim, and a November 1993 property damage claim. Based on that information, Aetna determined that Musto no longer met its guidelines for coverage.

After a full hearing at which both parties presented evidence, the Insurance Commissioner concluded that Aetna's nonrenewal of the policy did not violate Act 78. The Commissioner concluded that Act 78 permits an insurer to refuse to renew an automobile policy when the insured was involved in two or more accidents within a designated 36–month period and that Aetna met its burden of demonstrating that the insured was involved in the two requisite accidents, notwithstanding the fact that Aetna accepted payment tendered by Musto for a renewal period. The Commissioner concluded that Musto failed to demonstrate that either accident fell within one of Act 78's exclusions that prohibit an insurer from refusing to renew a policy based on certain types of accidents. The Commissioner rejected Musto's claim that Aetna was contractually barred from nonrenewing because it cashed Musto's check in March of 1994.

■ Our review of an order of the Insurance Commissioner upholding nonrenewal of an automobile insurance policy based on two or more accidents in a three-year period preceding the renewal date is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether findings of fact were not supported by substantial evidence. *Appeal of Tabas*, 81 Pa.Cmwlth. 527, 473 A.2d 1143 (1984). Musto raises two issues for our review: 1) whether the nonrenewal was improper because the insured was not at fault in one of the two accidents and 2) whether the insurer waived its right to refuse renewal when it accepted payment for the renewal period.

Section 3 of Act 78 states, in pertinent part, that no insurer shall refuse to renew a policy of automobile insurance for accidents that occurred more than 36 months prior to the later of the inception of the policy or the upcoming anniversary date. 40 P.S. § 1008.3(a)(13)(ix). Neither shall an insurer refuse to renew on the basis of one accident within the 36–month period prior to the upcoming anniversary date. 40 P.S. § 1008.3(b). This section makes no broad exception for accidents in which the insured was involved, but for which the insured believes he or she was not at fault. *Komada v. Browne*, 97 Pa.Cmwlth. 19, 508 A.2d 1284 (1986). Even accidents in which blame could not reasonably be placed on the insured may be considered in the insurer's decision not to renew. *Hallowell v. Insurance Department*, 105 Pa.Cmwlth. 143, 523 A.2d 826 (1987), *petition for allowance of appeal denied sub nom. State Farm Mutual Automobile Insurance Company v. Department of Insurance*, 517 Pa. 619, 538 A.2d 501 (1988). Accordingly, Aetna was permitted to consider both of the accidents cited in the notice of nonrenewal regardless of whether Musto was at fault.

■ Next, Musto contends that Aetna waived its right to refuse renewal of the policy because in March 1994 it accepted a check tendered by Musto as payment for the policy period from June 20 to December 20, 1994 and thereafter sent Musto a Policyholders Automobile Renewal Notice.

Section 6(1) of Act 78, 40 P.S. § 1008.6(1), provides, in pertinent part: "Nothing in this act shall apply: (1) If the insurer has manifested its willingness to renew by issuing or offering to issue a renewal policy, certificate or other evidence of renewal, or has manifested such intention by any other means[ ]...." In regulations implementing Act 78, the Insurance Department made it clear that where an insurer effects renewal of outstanding policies merely by sending a renewal premium notice and the insured need only make a timely payment of the premium in order to keep his policy in force, the insurer's mailing of the renewal premium notice does constitute a manifestation of willingness by the insurer to renew as to come within the purview of Section 6(1). 31 Pa. Code § 61.10(a).

■ Although the Insurance Commissioner rejected Musto's claim of waiver for rea-

sons that are not readily apparent, the evidence of record does not support a finding that Musto met his burden of proving his waiver defense. The record contains no evidence that Aetna routinely effected renewal of outstanding policies by sending a renewal premium notice expecting the insured to make timely payment; absent those circumstances, an insurer's mailing of the renewal premium notice does not constitute a manifestation of its willingness to renew for the purposes of Section 6(1) of Act 78, 40 P.S. § 1008.6(1).[1] The record indicates that Musto mailed the check in advance of receiving the renewal premium notice, without knowing the amount due, and not in response to the notice. Furthermore, the record indicates that no invoice was included with the renewal premium notice (Exhibit M–2) that would indicate the insurer's intention that Musto remit payment even at that later time.

The Court is unwilling to conclude as a matter of law that Aetna's acceptance of Musto's check, especially a check sent in advance of Musto's receipt of a payment invoice or renewal premium notice, effects a waiver of its right to refuse to renew. To hold otherwise would permit wholesale circumvention of the nonrenewal provisions of Act 78; any time an insured had a second nonexcludable accident within a 36–month period, the insured could circumvent nonrenewal merely by dashing off a check to the insurance company in the amount of his or her last premium, safe in the knowledge that the insurer would probably cash it without immediate inquiry.

For the reasons set forth above, we affirm the order of the Insurance Commissioner.

### ORDER

AND NOW, this 25th day of October, 1996, the order of the Insurance Commissioner in the above-captioned matter is affirmed.

---

1. 75 Pa.C.S. § 1791.1 requires an insurer to notify the insured, in writing at every renewal, of the availability of two alternatives of full tort and limited tort insurance. Such notice must explain the alternatives and the cost of each alternative and may or may not be accompanied by an invoice.